## GODBOLD ET AL v. THE PLANTERS' AND MERCHANTS' BANK OF MOBILE.

1. In a summary proceeding against a sheriff and his sureties, for the failure of the former to return a writ of *fieri facias*, the notice stated that a judgment would be moved for against them, for the amount of the *judgment* against the defendant in execution : Held, that the substitution of the word "*judgment*" for "*execution*," was not fatal to the notice, and would be considered good under the act of 1819—*further*, that after verdict and judgment, none other than substantial defects can be made to the notice.

2. Where the judgement entry recites the facts differently from a bill of exceptions certified in the cause ; *semble*, the latter will control the former.

3. Where a judgment conforms to the verdict on which it is rendered, (though the latter is for too much,) it will not be reversed on error, but a correction should have been sought in the primary Court.

4. The official bond of a sheriff is a public document, which may be proved by a copy, certified by the Clerk of the County Court, in whose office it is directed by law to be deposited ; it is no objection to the authentication that the attestation was made by the Clerk through his deputy, who certified the copy under his private seal, affirming that the public seal was lost or mislaid.

5. In a summary proceeding under the statute against a sheriff, &c., for failing to return an execution, the plaintiff need not produce the judgment on which it issued, but the sheriff may resist a recovery, by showing either that there is no judgment or it is void.

WRIT of Error to the County Court of Mobile.

This was a proceeding under the statute, by notice and motion against the Sheriff of Monroe and his sureties, for the failure of the former to return a writ of *fieri facias*, which had issued from the County Court of Mobile, and been placed in his hands, against the goods and chattels, lands and tenements, of Cornelius D. Tobin, L. J. Moore, Nathan Jenkins, and J. R. Moore, for the sum of $977 14-100, besides $17 06-100 costs. In the notice found in the transcript, the times of the test and return of the execution are particularly stated, also its due delivery to the Sheriff. It also informs them, that a motion will be made for a judgment against them, on the second Monday of a term of the County Court, commencing on the second Monday in June, 1841, "for the amount of the judgment and costs as aforesaid, recovered by said Bank against Cornelius Tobin," &c.

On the fifteenth of March, 1842, a judgment was rendered against the defendants in the motion. The judgment recites that it appeared to the satisfaction of the Court, that the defendants received due notice of the motion, &c., reciting the time when, the amount of the execution, the parties to it, when delivered to the Sheriff, &c.; and also that the notice indicated that a judgment would be moved for, *for the amount of the fieri facias*. The judgment proceeds to state that the parties appeared by their attornies, and the case was submitted to a jury, to whom the same facts were proved, that were shown to the Court. A verdict was found for the plaintiff, for the sum of eleven hundred and twenty-nine (20·100) dollars, being the amount of the execution with interest from its test; and judgment was rendered accordingly.

On the trial, the defendants excepted to the ruling of the presiding Judge: 1. For admitting a copy of the official bond of the Sheriff in evidence, which was certified as follows:—

"*The State of Alabama,* } I, James McColl, Clerk of the
*Monroe County.* } County Court of said County, do hereby certify, that the foregoing is a true and correct copy of the original bond of William G. Godbold, as on file in my office.

Given under my hand and private seal, (the public seal having been lost or mislaid,) this 13th day of February, A. D. 1840. JAMES McCOLL, Clerk, [*Seal.*]
By SAMUEL McCOLL.

2. For refusing to charge the jury, that if no record of the judgment referred to in the notice, was given in evidence to the jury, then they should find a verdict for the defendants.

3. In charging the jury, that if they were satisfied from the proof, that the execution was in the hands of the Sheriff, and that he failed to make return thereon as required by law, they should find for the plaintiff.

J. GAYLE, for the plaintiffs in error. The notice informed the defendants below, that a judgment would be asked, for the amount of the judgment in favor of the Bank against Tobin and others; but the judgment entry mis-recites the notice, in saying it states the judgment will be sought for the amount of

the execution; and upon this latter supposition the judgment of the County Court was rendered.

The judgment entry and bill of exceptions are contradictory of each other, the former stating a fact to be proved, which the latter seems to negative.   Again: the Court erred in refusing the charge prayed and in the charge given, as also in receiving as evidence the copy of the Sheriff's bond.

Gibbons, for the defendant.   The errors assigned cannot be maintained.   They are at best very technical, and if in any case they were available, certainly not where an issue had been tried by a jury.   The decisions of this Court, it is believed, are conclusive to show the absence of error.

COLLIER, C. J.   1.  It cannot be objected to the notice that it informed the defendants below, a judgment would be moved for against them, for the amount of the judgment recovered by the Bank against Tobin, &c. instead of the execution; for if, (as has been repeatedly adjudged,) the failure of a Sheriff to return a *fieri facias*, subjects himself and sureties to a recovery equal to its amount, their liability is quite as extensive as the notice sought to enforce.   The substitution of the term "judgment," for "execution," can exert no prejudicial influence, and the proceeding must be considered as having been commenced in reference to the act of 1819.   Again: an issue was made up and tried by a jury, although the record does not inform us what that issue was, we are authorized to infer from the verdict and judgment, that it was a negation of the facts stated in the notice.   This being the case, no objection to the notice that does not show it to be substantially defective, can now be entertained; the appearance and plea of the defendants operating to cure all such defects.

2.  The judgment entry is drawn out to an unusual length and with unnecessary particularity, considering the judgment is rendered upon a verdict: yet this, it is conceived, cannot work an injury to any one.   The view we have taken of the notice, shows that its mis-recital in the judgment, is a mere verbal error which cannot prejudice the rights of either party; and the statement that the judgment against Tobin, &c. was produced at the trial, is equally harmless; for the bill of exceptions, certifying the reverse to be true, would control the recital

in the judgment entry, if any prejudicial consequences could result from it.

3. In respect to the amount for which the judgment is rendered, it may be remarked, that it conforms to the verdict. At the conclusion of the judgment, it is stated, that the items composing it are, "the judgment on which said writ of *fieri facias* was issued, with interest from the date thereof and its costs," &c. It has been holden, that where a judgment on a verdict conforms to it, though the latter be for too large a sum, yet it will not be reversed on error, but a correction should have been sought in the primary Court. [1 Por. Rep. 280.]

4. The official bond of a Sheriff is required by law to be deposited in the office of the Clerk of the County Court of his County. .nd is such a public document as is not subject to removal (u.der ordinary circumstances) from place to place where it may be wanted as evidence; but a sworn, or certified copy, is admissible as a substitute for the original. [Miller v. Gee, at this term.]

But it is insisted, that the attestation of the copy offered to the jury, is insufficient. We cannot think that this argument is well founded. . The deputy clerk, if duly qualified, possessed the authority to certify the transcript in the name of his principal; and his qualification, in the absence of all evidence to the contrary, must be presumed to have been regular.

The attestation, it is true, is unusual in stating that the official seal of the clerk was lost or mislaid. The official acts of a Clerk, which are to be used as evidence elsewhere than in his own Court, should in general be attested by his seal of office, if he have one. In the case before us, the form of the attestation would indicate that there was a seal pertaining to the office, which it is affirmed was lost or mislaid. This affirmation serves to show that at the time the transcript was made, there was no seal that could be used, and we think this authorized the use of the private seal of the Clerk, and that it sufficiently authenticated the paper. The opposite conclusion might seriously affect individual rights, and even the public interest, by preventing the attestation of documents important to both.

5. The production of the judgment on which the execution issued, we think, was not essential to the plaintiff's right to recover. Other evidence of the amount of the execution was

admissible. In McWhorter et al. v. Marrs, [Minor's Rep. 376,] the Court say, "The official entries and information of the Clerk, are by law, evidence of the issuing and delivery of the execution." Again: "If the execution issued from competent authority, and was duly authenticated, it was not for the Sheriff in defence of the rule, to say that the execution was irregular, or to know whether it was founded on a proper judgment or not. Its mandate was imperative, and he was bound to obey it." [Anderson v. Cunningham, Minor's Rep. 48. See also Neale et al. v. Caldwell, 3 Stew't. Rep. 134.]

The correct rule on this point, we think, is this: Where the execution issues upon a judgment which is so far valid, as to justify the Sheriff in executing it, he cannot be permitted to object that it is irregular and voidable; but where the judgment is so utterly void as to afford no warrant to the officer for obeying the mandate of an execution, he may successfully defend himself against a motion for failing to return it, by proving, either, that there is no judgment, or it is void. The plaintiff, however, need not refer to the judgment, but may make out his case by other legal proof.

The bill of exceptions does not negative the introduction of ample evidence to sustain the motion, and we understand the objection was not to the want of other proof, but to the absence of the judgment. In this view, we have seen the instruction was correctly denied.

The charge given is unexceptionable. It merely asserts the right of the plaintiff to recover if the execution was placed in the Sheriff's hands, and not returned *as required by law.* The latter part of the charge shows, that it must have been delivered to the Sheriff when it was operative; otherwise, the law made no requisition upon the Sheriff for its return.

We have repeatedly expressed our regret that the earlier decisions of this Court had given to the Act of 1819, a construction so highly penal against Sheriffs, &c. for the failure to return executions. But this construction commenced too long ago, and has been too often recognized to allow us to depart from it. The doctrine of *Stare decisis,* forbids that we should make any footsteps backwards.

The judgment must be affirmed.

GOLDTHWAITE, J. not sitting.