## LANDRETH'S ADM'R v. LANDRETH'S DISTRIBU-TEES.

1. Where a paper is sent up with the transcript which is not necessarily a part of the record, it will not be noticed by an appellate court, unless it appears to have been made such, or at least to have been acted on by the court below.

2. Where an administrator, in the settlement of his accounts, exhibits the receipts for money paid by him to one who subscribes his name as guardian of the infant children of the intestate, but does not prove that such person was guardian, or that the money had been appropriated to the use of the children, the Orphans' Court should not allow the payments.

3. Where the judgment entry recites the matter differently from the bill of exceptions, the latter will control the former.

Writ of Error to the Circuit Court of Cherokee.

THE plaintiff in error, who was appointed by the Orphans' Court of Cherokee, administrator of the estate of Thomas Landreth, deceased, voluntarily presented his administration accounts to that court for settlement. The account was accordingly stated and reported for allowance, the extent of the administrator's indebtedness to the estate ascertained, the share of each distributee adjusted, and a several decree rendered in favor of each, for what he or she was entitled to; for which executions were directed to issue.

In the account exhibited, the administrator credited himself with several sums of money, &c., paid to John Lowry, guardian of the infant children of the intestate. To sustain these items, he produced the receipts of Lowry, and proved that the sums expressed in them was only a reasonable allowance for the maintenance of the children. But no proof was adduced, (as the bill of exceptions affirms,) to show that Lowry was guardian, other than the recital of the receipts, or the description of the character which follows the signature of his name. These several items were rejected, on motion of the guardian *ad litem* of the distributees, and the administrator excepted, &c.

The proceeding in the Orphans' Court was removed by writ of error to the Circuit Court where the decree was reversed and remanded; and this judgment of reversal is now brought here for revision.

A. WHITE, with whom was S. PARSONS, for the plaintiff in error, insisted, that the decree was properly rendered in favor of each distributee, for the amount due them respectively. [Clay's Dig. 305, §§ 43, 44.] It is the duty of the administrator to pay the debts of the estate, and then to settle with the Orphans' Court; but he is not authorized to pay the assetts to the distributees or their guardian. [Clay's Dig. 224, 304-5; 8 Mass. Rep. 131; 10 Pick. Rep. 429.] The law does not contemplate the appointment of a guardian, unless the ward has an estate to commit to him, and this can only be known when the estate is settled. [Clay's Dig. 267, § 1; 300, § 21.] Until final settlement the administrator is entitled to retain the estate of his intestate, and the guardian was not authorized to receive it before the administrator's title was divested by a decree. Property delivered to the guardian before that time, by the administrator, is not received in a fiduciary character, and his sureties would not be liable to account for it. [1 H. & Johns. 297; 2 G. & Johns. Rep. 220; 17 Sergt. & R. Rep. 374.] But if what has been said avails nothing, then we say that Lowry was not guardian, and had no right to receive money in that character.

S. F. RICE, for the defendant in error. The record shows that Lowry was the guardian of the infant children of the intestate, and the different amounts received by him were but a reasonable allowance for them. It was not the duty of the administrator to see that the guardian properly applied the money he had received, and the payment should not have been rejected as unauthorized.

COLLIER, C. J.—In the transcript filed in this cause, there is an order of the Orphans' Court of Cherokee, purporting to have been made on the 7th December, 1840, by which John Lowry was appointed the guardian of the children of the intestate, who were under the age of fourteen years.

There is also a bond, bearing date, in the usual form of that executed by guardians, signed and sealed with the names and seals of Lowry and several others, as his sureties. By what warrant this order and bond are sent here, as a part of the record, does not appear, and we cannot regard them as regularly before us. The decree does not refer to them, or in any manner admit the fact of Lowry's guardianship, while the bill of exceptions expressly affirms that there was no proof of it, other than the receipts signed by him in that character imports; nor was there any evidence that the money paid to the assumed guardian, had been appropriated to the benefit of the infant children of the deceased.

We cannot then regard the part of the transcript referred to, as any part of the record. Even if the decree recited it as evidence before the Orphans' Court, the bill of exceptions would perhaps prevent us from so considering it; for it has been strongly intimated, that where the judgment entry recites the facts differently from a bill of exceptions certified in a cause, the latter will control the former. [Godbold, et al. v. P. & M. Bank of Mobile, 4 Ala. Rep. 516.]

There is then, nothing in the record to show that Lowry was guardian of the intestate's children; this is an affirmative fact which it devolved upon the administrator to prove, unless it was admitted by those competent to make the admission. The appointment of a guardian by the court which granted letters of administration, did not so amalgamate the proceedings touching the duties of the administrator and guardian as to make them the record of the cause made by the settlement of the administration accounts. They could only be made such by order of court, or bill of exceptions.

The plaintiff in error then, for any thing shown to the contrary, made payments from the estate of his intestate to one who had no authority to receive them. He is certainly responsible for what he thus disposed of. No objection to the decree in any other respect has been insisted on, and none has suggested itself to us. The judgment of the Circuit Court is consequently reversed, and this court rendering such judgment as should have been there rendered, affirms the decree of the Orphans' Court.