## Hamilton v. Ward.

Judgment reversed.

---

### · [356] HAMILTON V. WARD.

The statutes which authorize summary proceedings against sheriffs for failing to pay over money. &c., are to be construed strictly, and every fact necessary to recovery must appear upon the record. (Note 75.)

It is not necessary in our practice for the judgment to recite the facts upon which it is founded; it it sufficient if they be stated in the pleadings and ascertained by the judgment. The petition and answer are as much a part of the record as the judgment itself, and it is only by a comparison with the former that the correctness of the latter is determined.

It is not necessary for the plaintiff, in a motion against a sheriff for failing to return an execution or to pay over money, to produce the judgment upon which the execution issued; but the sheriff may show in his defense that there is no judgment, or that it is void.

Where a sheriff receives money after the return day of the execution without having made a levy before that day, the receiving of the money is not an official act for which he and his sureties can be held liable in a summary proceeding as for an act done by him in his official character. But the sheriff would be liable in such a case to the plaintiff in the execution for money had and received. (Note 76.)

It seems that where the sheriff has made a levy before the return day, he may sell after it, upon the ground that the authority to levy upon and sell property is entire.

In a motion against a sheriff for failing to pay over money, the plaintiff may show that the sheriff's return is false.

Where a sheriff is in default in several particulars upon the same process, as where he fails to return an execution, and also fails to pay over money collected upon it, all the grounds may, and indeed ought to be, joined in one motion. But whether in such a case the plaintiff proceed by one or several motions, he can have no more than one recovery and satisfaction.

Where remedies are alternative, the injured party must elect which one he will pursue, and if he fail in that he is remediless. But such are not the remedies provided against a sheriff for failing to return. to pay over. &c.

Money may be taken in execution the same as any other property; and where the sheriff has one execution in favor of and another against the same person, he may apply the money collected upon one to the satisfaction of the other; and it matters not that in the one case the party is the sole plaintiff. and in the other, codefendant with another. (Note 77.)

Where the sheriff failed to return an execution, and. after the return day, received the money and applied it to the satisfaction of an execution which he then had against the plaintiff in

## Hamilton v. Ward.

the first execution, and then returned both executions accordingly: *Held*, That although the plaintiff in the first execution might have proceeded by motion against the sheriff at the return term for failing to return the execution. yet, as he had not done so, but had waived [357] until the money had been received and applied to the satisfaction of the execution against himself, he could not then do so.  (Note 78.)

In an action against a sheriff for failing to return process, pay over money, &c., the measure of damages, independent of statutes, is the actual injury sustained; this actual injury being measured by the amount of the original debt due the plaintiff, and which has been lost or prejudiced by the neglect of the officer, unless it be made to appear that the debt could never have been collected, and that consequently the plaintiff has lost nothing. (Note 79.)

Whether or not an officer guilty of a technical violation of duty is liable for nominal damages in an *ordinary action*. where the plaintiff has sustained no damage, may be a question; but there is no question that he is not liable in such a case in a summary proceeding under a penal statute, where it does not come within the provision of the statute itself.

Error from Red River.  This was a summary proceeding by motion of the District Court against a sheriff for failing to make return of an execution received by him in favor of the defendant in error, and also for refusing to pay over money collected under the execution.  The motion set forth that on the 10th day of August, 1848, an execution was issued from the District Court of Red River county, in favor of William Ward, the defendant in error, against James Latimer as principal, and Albert H. Latimer and George H. Bagby as his sureties, for $138. principal, besides damages, costs, &c.; that this execution was placed in the hands of Robert S. Hamilton, (the plaintiff in error,) sheriff of Red River county, on the 24th day of August, 1848; that it was returnable on or before the first day of the Fall Term, 1848, of the District Court of said county ; that said sheriff failed to return the execution on or before the first day of said term; that said sheriff had received on the execution $195.56, and that he had neglected and refused to pay over the money so received to the plaintiff in execution of his attorney, although the same was demanded at the said Fall Term of the District Court, and between the 11th and 20th days of December, 1848.  The motion concluded with a prayer for judgment for the principal sum received by the sheriff, with interest and ten per cent. per month damages and costs, and that the sheriff have notice of the motion, &c.

[358] This motion was filed at the Spring Term of the court and on the 1st day of May, 1849.  On the 3d day of the same month the sheriff acknowledged service.

It does not appear otherwise than by the filing of a bill of exceptions and of the statement of facts, which appears to have been on the 15th day of May, 1849, on what day of the term the case was tried.

At the trial the sheriff appeared by attorney, and the plaintiff was ruled to make his election upon which of the grounds embraced in his motion he would proceed and rely; to which ruling he excepted, and discontinued as to the first, the failure of the sheriff to return the execution, and elected to proceed upon the second ground, the refusal of the sheriff to pay over the money collected.

The execution was given in evidence, with the return of the sheriff thereon, as follows : " Satisfied as to principal and interest, the same being one hundred and ninety-two dollars and fifty-six cents, having applied the same to an execution against said plaintiff and B. Hamilton in favor of James Latimer *et al.*, Dec. 11th, 1848."

The plaintiff proved that he demanded the money of the sheriff, as alleged in his motion ; that the sheriff did not pay the money, but that afterwards and about the middle of December, 1848, to the demand of the plaintiff's attorney, he replied that he had applied the money due on said execution as a credit on an execution against said Ward and B. Hamilton and in favor of Latimer, Bagby & Co.

The court gave judgment for the plaintiff for principal and interest and ten per cent. damages thereon per month.  The defendant brought a writ of error.

*Webb & Oldham*, for plaintiff in error.

I. In a summary proceeding like this every fact necessary to a recovery

## Hamilton v. Ward.

must appear upon the record to give the court jurisdiction. (Hamilton v. Durum, 3 Yerg. R., 355; Porter v. Webb & Co., 4 Id., 161; Nabors v. The Governor, 3 Stew. R., 15; Barton v. [359] McKinney, Id., 274; Clemens v. Branch Bank, &c., 1 Ala. R., 50; Ciny v. The Bank of Mobile, 8 Port. R., 360.) It does not appear from the record, 1st, that the sheriff had three days' notice; 2d, that the execution ever came to his hands as sheriff; 3d, that he received the money under the execution; 4th, that the demand had ever been made of him for the money. The want of appearance of these facts upon the record cannot be cured by the statement of facts.

II. It appears from the statement of facts that the money was not received under the execution, but was received more than a month after the return day. The statute did not authorize the sheriff to receive the money at that time, and consequently he is not liable under the statute, upon motion, for not paying it over.

III. The sheriff having received the money in his individual capacity, it certainly cannot be controverted that he had a right to appropriate it to the payment of an execution in his hands against the person for whom he received it.

IV. In order to entitle the plaintiff in the execution to a recovery, it was necessary that he should have shown a valid subsisting judgment. (1 Saund. R., 38; State use, &c., v. Sadler et al., 1 Eng. R., 235.)

V. Had the sheriff collected the money under the execution, he was authorized to appropriate it to the payment of another execution in his hands against the plaintiff in that execution. (3 Humph. R., 437.)

*Morgan*, for defendant in error.

I. The first assignment of error is "that the court erred in sustaining the motion." That the motion is good in law seems to me incontrovertible. (Laws of Tex., vol. 2, p. 49, sec. 1; Id., vol. 6, p. 67, sec. 10; Id., p. 71, sec. 23; Id., vol. 10, p. 201, sec. 5; Id., p. 267, sec. 8; 2 Chit. Pl., 445 to 450.)

II. The second assignment is "that the judgment is erroneous, because it is given for ten per cent. damages per month." The judgment is in strict accordance with the motion [360] and the law. (Laws of Tex., vol. 2, p. 49, sec. 1; Id., vol. 6, p. 67, sec. 10; 1 Pet. Con. R., 261.)

III. The third and last assignment is "that the court refused to permit the execution of Latimer et al. v. Ward & Martin to be credited by the amount of the execution of Ward v. Latimer." In this there was no error. (2 U. S. Dig., 332; 2 Pet. Dig., 263.)

WHEELER, J. This proceeding was instituted under the act of 1842. (6 Stat., 67, secs. 10 and 23.) The 10th section of the act provides: "That should any sheriff or other officer fail or refuse to pay over money collected under an execution, when demanded by the person entitled to receive the same, he shall be liable to pay ten per cent. per month on the amount so collected, besides interest and costs; which may be recovered of him and his sureties by motion before the court from which such execution issued."

By the 23d section it is enacted: "That if any sheriff or other officer shall fail to make return of any execution received by him on the day and at the place the same shall be made returnable, * * * he shall be liable to pay to the plaintiff in execution the full amount of the debt, interest and costs, to be recovered against such sheriff or other officer and his sureties by motion in any court having jurisdiction thereof by giving three days' notice of such motion."

These statutes, authorizing summary proceedings and being in some degree penal in their character, are to be construed strictly in favor of the party to be affected by them. (1 McMull. R., 179.) And it is undoubtedly true that every fact necessary to a recovery must appear upon the record. (4 Yerg. R., 161; 3 Humph. R., 85.) But the facts need not necessarily be recited in the judgment; and in our practice it has never been required to set out in the judgment itself the facts upon which it is founded. It is sufficient if they be stated in the petition and ascertained by the judgment. The motion in [361] this case

Hamilton v. Ward.

takes the place of the petition. It contains an averment of every fact essential to a recovery with the same certainty and specialty which are required in a petition, and seems in this respect sufficient. The judgment raises a legal presumption of the truth of every material averment in the petition or motion, which can only be rebutted by a statement of facts showing the absence of proof.

The petition and answer are in our practice as much a part of the record as the judgment itself, and it is only by a comparison with the former that the correctness of the latter can be ascertained. This is in conformity with the practice in the courts of chancery generally in the United States, as it is stated by Mr. Justice Story in his Equity Pleadings, (Story's Eq. Pl., 407,) and as it was also stated by him in pronouncing the opinion of the Supreme Court in the case of Whiting v. The Bank of the United States, (13 Pet. R., 13, 14:) "In England (the court said) the decree always recites the substance of the bill and answer and pleadings, and also the facts on which the court founds its decree. But in America the decree does not ordinarily recite either the bill or answer or pleadings, and generally not the facts on which the decree is founded. But with us the bill, answer, and other pleadings, together with the decree, constitute what is properly considered as the record."

Such, it is conceived, is the case in our practice, and without any distinction between cases at law and in equity.

It cannot, therefore, be a valid objection to the judgment that it does not recite the facts alleged in the motion and proved at the trial, of the receipt by the sheriff of the execution, the receipt of the money, and the demand.

The objection to the notice is not, it is conceived, well founded. The sheriff acknowledged service of the motion more than three days before the trial; and he appeared and made his defense to the merits, and thus waived all objection to the sufficiency of the notice. (1 Ala. R., 543; 3 Id., 164.)

In support of the objection that the plaintiff did not show [**362**] a judgment, reference is made by counsel for the plaintiff in error to the cause of Jones v. Pope, (1 Saund. R., 37,) and The State v. Sadler, (1 Eng. Ark., R., 235.) The former was an action for an escape; the latter an action against a sheriff and his sureties upon his official bond; and the reasons upon which those decisions were based are not, it is conceived, equally applicable to a case like the present. In this case the proceedings are conducted in the same court from which the execution issued. There is nothing in the form of the proceedings to prevent the defendant from showing that there is no judgment, or if it be superseded or reversed, from showing these facts in his defense. And in Alabama, in a proceeding under a statute similar to ours, and where proceedings of this character have been held to as much strictness as perhaps in any State in which they have been authorized by law, it has been expressly decided that, to support a summary proceeding against a sheriff for failing to return an execution, the plaintiff need not produce the judgment, but the sheriff may show in defense that there is no judgment, or that it is void. (4 Ala., 516; 9 Id., 931.)

We do not think it material to the rights of the defendant in this proceeding that the plaintiff should have produced the judgment, and are of opinion that its production was not essential to his right to recover. But can the sheriff be held liable in his official character for money received after the return day of the execution? This question was considered by the Supreme Court of Alabama in the case of The Bank v. Reid, (3 Ala. R., N. S., 299,) in a summary proceeding against a sheriff and his surety for the failure of the sheriff to pay over money collected on an execution. The statute of Alabama made it the duty of the sheriff to return the execution to the clerk's office from which it issued at least three days previous to the term of the court to which it was returnable. The money was received by the sheriff on the first day of the return term. The court reviewed and followed its former decisions on the subject, and [**363**] held that the payment of the amount of the execution to

Hamilton v. Ward.

the sheriff on the first day of the term to which it was returnable, *there being no levy previously*, could not be regarded as a satisfaction of the execution, and that the plaintiff's remedy was against the sheriff by action for money had and received, or against the original defendant by issuing an *alias* execution.

The same question was considered by the Court of Appeals of Kentucky in the case of Ferguson v. Johnson, (5 Litt. R., 19.) The court held it perfectly clear that a sheriff can have no authority, in virtue of execution, to receive money after the return day of the execution, and that he cannot be held liable in his official character for money so received. The court proceed to say that where the sheriff, before the return day, levies on property, he may no doubt sell the property afterwards, upon the ground that the authority to levy upon and sell property is entire, and he who begins its execution may finish it. But this principle is inapplicable to the present case.

It seems clear, therefore, upon authority, that the sheriff cannot be held liable in this proceeding for having failed to pay over, on demand, the money received by him after the return day of the execution, when its legal vitality was lost and it had become *functus officio*. The act of receiving the money in such a case is not an *official* act for which he and his sureties can be held liable in a summary proceeding as for an act done by him in his official character.

That the money in the present instance was received by the sheriff after the return day of the execution cannot now be questioned by the defendant in error. The only evidence upon which he relies to charge the sheriff with its receipt is the return upon the execution. This was given in evidence by himself. And though he might have shown it to be false, (5 Pike R., 212,) not having done so, and having relied on it to make out his case, he cannot now be permitted to question its truth.

[364] Having arrived at the conclusion that the judgment cannot be maintained upon the ground of the failure of the sheriff to pay over the money, the judgment must be reversed. But in order to a final disposition of the case in the court below, it becomes material to inquire whether it was the right of the plaintiff to have proceeded against the sheriff upon both grounds embraced in his motion, and whether the court erred in refusing to permit him so to proceed; and if so, finally, whether the sheriff could legally apply the money received for the plaintiff to the execution which had come into his hands against him, and thus relieve himself from liability for his failure to return the execution.

Upon the first branch of this inquiry, the right of the plaintiff to proceed at the same time and in the same motion for both defalcations of the sheriff, we have had some difficulty in arriving at a satisfactory conclusion. The case of Hill v. The Bank (5 Port. R., 537) may appear to support the ruling of the court below requiring the plaintiff to elect upon which ground embraced in his motion he would rely. But in that case the proceeding was upon different and dissimilar statutes, and the case was in other respects unlike the present. If the reasoning of the court in that case were more satisfactory than it is, we could not regard that as a precedent for the present case. Did the grounds embraced in the motion constitute each in itself a separate and independent *cause of action*, there could be no difficulty in the question; for though different and distinct, yet not being *inconsistent* causes of action, there can be no doubt that they might be joined. (Carter et al. v. Wallace, 2 Tex. R., 206.) But though the grounds of the complaint be distinct, and the plaintiff might doubtless proceed upon either at his election, they do not so properly constitute separate *causes* of action, as separate *remedies* for enforcing substantially the same cause of action. Did they constitute separate causes of action, it would seem to follow that the plaintiff might recover upon both. But we think it clear that, whatever may be the number [365] of derelictions of duty by the sheriff, the plaintiff can have but one recovery under the statute, and that a recovery, with

## Hamilton v. Ward.

satisfaction, upon either ground, will amount to an entire and final satisfaction as respects the plaintiff's rights in the summary proceeding given by the statute. The primary object of the act doubtless was to give compensation to the party for the injury occasioned by a dereliction of duty by the sheriff. It was intended to be sufficiently penal to insure a faithful discharge of official duty; but it could not have been intended to give the plaintiff more than one compensation for the injury sustained by him, the failure to obtain his money, consequent upon the default of the sheriff. The debt is of course the gist of the entire action. (Sedgw. on Meas. Dam., 530.)

But though the acts complained of do not properly constitute separate and independent causes of action, yet each in itself affords the ground of a distinct remedy to enforce substantially the same right. The plaintiff might have proceeded upon either ground. And if it was intended to afford concurrent and not merely alternative remedies, he might, on general principles, have proceeded at the same time upon each ground by separate motions; and if so, we see no good reason why he might not, and indeed ought not, to join them as he did to avoid a needless multiplicity of suits.

The question, then, resolves itself into this: Are the remedies given by the statute concurrent or only alternative remedies? If the latter, whatever may be the number of derelictions of duty by the sheriff, the party injured must elect to proceed for one only, and should he fail in that, will be remediless; for having made his election he must be bound by it. If the remedies be alternative only, it is perfectly clear that the consequence of a mistake in the selection of the remedy must prove fatal. But we see nothing in the language of the statute or in principle which requires this construction. On the contrary, it would, we think, tend to defeat the very object which the Legislature had in view: that of giving [366] summary redress to the injured party, without a resort to the forms and delays of an ordinary action. The form of the remedy and the mode of procedure is in each case the same; and we see no reason why the remedies may not be regarded as concurrent and be joined in the same motion.

The plaintiff cannot, it is true, have but one satisfaction. But he may and ought, we think, to proceed at once upon every ground of action on which he intends to rely. Had he been permitted to do so in the present case, upon proof of the first ground embraced in his motion, the failure to return the execution, he would have been entitled to a judgment for the amount of his debt, interest and costs; upon proof of the second ground or both, he would have been entitled, in addition, to damages upon this amount at ten per cent. per month for the time during which his money was wrongfully withheld from him.

We are of opinion, therefore, that the court erred in not permitting the plaintiff to proceed upon both grounds embraced in his motion. And hence it becomes material to determine whether the case ought to be remanded to enable the plaintiff to proceed against the sheriff for his failure to return the execution; and this depends upon the question whether, by applying the amount collected for the plaintiff to the execution which he held against him, the sheriff is discharged from liability in this proceeding for not having returned the execution; that is, had he the right thus to apply the money received by him for the plaintiff?

In support of his right thus to appropriate the money, we have been referred, on behalf of the plaintiff in error, to the decision of the Supreme Court of Tennessee, in the case of Dolby v. Mullens, (3 Humph. R., 437,) upon the precise question here presented. The facts of the case were briefly these: Mullens, the sheriff, had two executions in his hands at the same time; one in favor of Dolby against Waite, for $61, and the other in favor of Waite against Dolby, for $145. The sheriff collected [367] the sum of $61 due Dolby and appropriated it in satisfaction of Waite's execution, and returned the facts. Dolby

moved against the sheriff for failing to return with a sufficient response the execution; but the court held that the appropriation of the money by the sheriff was an authorized and legal act, and the return valid. The question was upon the sufficiency of the return; and in pronouncing the opinion of the court Judge Green held the following language:

"It is objected that this return is insufficient, 1st, because money cannot be levied upon by *fieri facias;* 2d, because, if it be subject to execution in the hands of the defendant, it cannot be taken by the officer until it has been paid to the person entitled to receive it.

"1. As to the first question, whether the sheriff can take money in execution, there can be no doubt. The reason given in some of the old cases, 'that money could not be sold,' is conclusively answered by Chief Justice Marshall in the case of Turner *v.* Fendall, (1 Cr. R., 118,) where he says: 'The reason of a sale is that money only will satisfy the execution, and if anything else be taken, it must be turned into money; but surely that the means of converting the thing into money need not be used can be no adequate reason for refusing to take the very article to produce which is the sole object of the execution.' He also quotes, in support of the position that money may be levied on, Dalton's Sheriff, 145, and 2 Show. R., 166. But the reasoning is so conclusive that authorities are not necessary to support a proposition which upon principle is so clear.

"2. But as to the second question, whether money in the hands of the sheriff can be levied on and applied by him to an execution in his hands against the owner of the money, we do not think the reasoning of the court, in the same case of Turner *v.* Fendall, by any means satisfactory. It is there held that such application cannot be made. The reason given is that the plaintiff in the execution is not the legal [**368**] owner of the money in the officer's hands; that his claim upon the officer is only for a certain sum of money, but that he is not entitled to the specific pieces that constitute that sum. With deference to the judgment of this distinguished tribunal, and especially to the exalted genius and clear discriminating judgment of the great man who penned the opinion, we are unable to perceive any reason why the money which an officer collects by virtue of a *fieri facias* does not belong to the plaintiff in the execution.

"The judgment pronounces that he shall recover the particular sum of the defendant, and the execution commands the officer to make that sum, and the money so made to have at the next court to render to the plaintiff.

"The money so made and received by the sheriff belongs to some one, and the question is, to whom does it belong? Certainly not to the sheriff until he converts it. It must, then, belong to the plaintiff. The fact that he cannot maintain detinue, but must bring debt for it, does not prove that it is not his property, but proves only that it is incapable of being identified, and therefore that a form of action that would require such identification cannot be maintained. The difficulty is one of evidence, not of title. The same difficulty would exist if money be placed in the hands of a bailee to keep for the owner. It could not be recovered in detinue for the same reason. Yet who will say that if I deposit a dollar in the hands of another, it ceases to be my money the moment I part with the possession? And yet the principle is the same.

"In 1st Dunford and East, 370, Judge Buller decides that money in the hands of a trustee does not give the possessor, before a conversion, such property in it as to render it liable to his debts. Now certainly the property is in the possessor or in the *cestui que trust.* But if it be in the *cestui que trust,* it proves that money may be the property of one man and be in the hands of another. Indeed, were the proposition not denied by such high authority, it would seem too plain for argument.

[**369**] "A piece of money may be marked so as to be easily distinguished from all other pieces. If this get into the hands of a person not the owner, detinue may be maintained to recover it. But has the owner any better title

## Hamilton v. Ward.

to it than he has to a piece not marked? Surely not; the only difference is as to the means of proof.''

The learned judge proceeds to review and answer the argument of the court in Turner *v*. Fendall, in support of the proposition that money in the hands of the sheriff cannot be levied on and applied by him to an execution in his hands against the owner of the money, in every aspect in which that argument has presented the question, with equal clearness of discrimination and force of reasoning, and concludes that ''the whole difficulty is the result of the mistaken assumption that because detinue will not lie for money, therefore it cannot belong to a party who has it not in possession.''

The weight of authority upon this question does seem opposed to the proposition maintained by the Supreme Court of Tennessee in this case. But the reasoning of the learned judge from whose opinion I have quoted so freely seems to support that proposition with almost the precision, accuracy, and conclusiveness of actual demonstration; and when maintained by the unanimous judgment of that learned tribunal of which he is a distinguished member, we feel no hesitancy in adopting it as our judgment in the present case. The reasonableness and justice of such a doctrine were acknowledged in the case of Turner *v*. Fendall, and cannot, we think, be doubted.

We conclude, therefore, that the sheriff had the right to appropriate the money of the plaintiff in his hands in satisfaction of the execution against the plaintiff, in favor of Latimer, Bagby & Co. This having been done, and the plaintiff having received full satisfaction of his execution before the institution of this proceeding, it follows that he can have no right to maintain this action to enforce the penalty against the sheriff for having failed to return the execution. That [**370**] would be in effect to permit a party to recover a second time for substantially the same cause; to obtain a second satisfaction of the same indebtedness.

At the time when this proceeding was commenced the plaintiff had no cause of complaint. He had received his money, or, what is equivalent, it had been appropriated to the satisfaction of an execution against him. Surely he can have sustained no injury by the payment of his debt; nor can he have a right to speculate upon the derelictions of the sheriff when his own just demands have been fully satisfied.

In ordinary actions against a sheriff, in this class of cases the settled general rule (says Mr. Sedgwick) is that the measure of damages, independent of statutes, is the actual injury sustained; this actual injury being measured by the amount of the original debt due the plaintiff, and which has been lost or prejudiced by the neglect of the officer, unless it is made to appear that the debt could never have been collected, and that consequently the plaintiff has lost nothing. (Sedg. on Meas. Dam., 530.) And on general principles (he says) it would seem that if it affirmatively appear that the plaintiff has sustained no damage, the officer guilty of a technical violation of duty will still be liable for nominal damages. (Id., 532.) But this (he adds) does not seem absolutely certain. (Ib. and notes.)

Whatever may be the rule in an ordinary action, we have no hesitancy in holding that this principle is inapplicable in a summary proceeding under a penal statute, where it is not embraced within the provision of the statute.

Had this proceeding been commenced at the return term, or before the application of the money by the sheriff in satisfaction of the second execution, it would have presented a different question. But not having been commenced until there had been full satisfaction of the execution, it cannot be maintained. There is therefore no occasion to remand the case for further proceedings below.

Reversed and dismissed.

NOTE 75.—Mitchell *v*. Runkle, 25 T. Supp., 132. *A previous demand is necessary; the motion cannot be made by a stranger to the execution, to whom the judgment is assigned.* (Beaver *v*. Battle, 19 T., 111; Walton *v*. Compton, 28 T., 669; Lyendecker *v*. Martin, 38 T., 287; De La Garza *v*. Booth, 28 T. 478.)

NOTE 76.—Haley v. Greenwood, 28 T., 680; Thomas v. Browder, 33 T., 783.
NOTE 77.—Walton v. Compton, 28 T., 569.
NOTE 78.—Spinks v. Caldwell, 23 T., 623.
NOTE 79.—Underwood v. Russell, *ante*, 175; Smith v. Perry, 18 T., 510; De La Garza v. Booth, 28 T., 478.