### A. C. KEAN ET AL. V. A. ZUNDELOWITZ.

#### No. 1531.

1. **Evidence—Checks.**—Where the issue was as to the ownership of a stock of goods, checks executed by plaintiff to former owners in payment therefor are admissible in evidence to establish his title.

2. **Practice on Appeal—Assignments of Error.**—Where several assignments not germane to each other are grouped and presented together without any proper statement as required by the rules, they will not be considered.

3. **Same—Objections to Evidence Below.**—An assigment of error to the admission of evidence is not well taken where the bill of exceptions fails to show that the ground of objection stated in the assignment was urged in the court below.

4. **Bill of Sale—Record.**—In order to pass title as between the original parties, it is not necessary that a bill of sale of merchandise should be acknowledged or recorded.

5. **Practice—Objections to Depositions.**—Where certain interrogatories in a deposition were leading, and objections to the answers on that account were made before trial, and notice given the opposite party, the action of the court in excluding such answers was proper, and it was not necessary to ask a ruling on the objections before the trial.

6. **Conversion—Verdict—Value of Separate Items.**—Failure to instruct the jury to find the value of each article, in an action for the conversion of goods, and where the verdict establishes that defendant was a tenant in common with plaintiff of an undivided interest in the goods, is not prejudicial to defendant, since plaintiff had not the right to demand a surrender of the property by his cotenant.

7. **Sale—Charge of Court.**—On the issue of whether there was a sale of certain goods, a charge of the court, that "whenever parties have agreed upon the terms of a sale, and the property sold is identified, and nothing remains to be done but deliver it, then the sale is complete," is held sufficient.

APPEAL from Wichita. Tried below before Hon. GEO. E. MILLER.

*Boyd & Ofiel,* for appellants.—1. No concealed payments nor statements made without the knowledge of an innocent bona fide purchaser are admissible in evidence in a trial of a cause between the bona fide purchaser and one of the parties claiming under the concealed payments and statements. A party can not take advantage of his own wrong. Sydnor v. Roberts, 13 Texas, 599; Barnes v. Hardeman, 15

Texas, 366; Seguin v. Maverick, 24 Texas, 526; 4 Watts, 424; 10 Johns., 186; 18 Johns., 516.

2. All deeds and conveyances concerning any lands and tenements or goods and chattels are entitled to be recorded, and when not so recorded purchases of the same on the market without notice are entitled and should be protected against secret owners. Rev. Stats., arts. 4331, 4332, 4334; Hickey v. Behrens, 75 Texas, 488; Schwartz v. Bank, 67 Texas, 218; Barnes v Hardeman, 15 Texas, 366, 367; Jones v. Simpson, 116 U. S., 609; Morgan v. Railway, 96 U. S., 716.

3. In a suit sequestrating goods which are replevied, defendants are entitled to have the privilege of returning the goods, or any portion of them; and the court's charge should instruct the jury to find the values of the several items, that the defendants might be able to return all or any part of the same and be credited for as much, and each defendant should be protected in the judgment for his portion so claimed, and the court's charge should have so instructed the jury. Rev Stats., art. 4502; Cook v Halsell, 65 Texas, 1; Blakely v. Duncan, 4 Texas, 183; Hoeser v. Kracka, 29 Texas, 450; Bennett v Butterworth, 8 How. (U. S.), 128.

4. A sale is complete only when the price is paid or agreed to be paid, and the goods are delivered by persons competent to contract. Hickey v. Behrens, 75 Texas, 488, Hosea v. Kraeka, 29 Texas, 450; Cook v. Halsell, 65 Texas, 1; Trisbie v. Withers, 61 Texas, 134.

*Carrigan & Hughes*, for appellee.—1. When the title to personal property is in controversy, it is both competent and proper to show a purchase and payment for the said property, and this may be done by showing that the vendee gave a check in payment of said property, and that the vendor accepted the same and received the money thereon.

2. Appellants make the contention, that unless the sale of goods and chattels is in writing and acknowledged and registered, no title passes which would defeat subsequent purchasers for value and without notice. We do not understand the law of Texas as being in harmony with such a contention, and appellants' authorities do not sustain the law as contended for by them.

3. When A brings suit jointly against B and C for specific personal property in one count of his petition, and for a conversion of the property in the other count, praying in the alternative for the property or its value, and for general relief; and C pleads estoppel, in that he purchased an undivided interest in the property from B on the representations of A, and the jury should find said plea of estoppel true, that A was the owner of the property, and that the same was unlawfully converted by B, and that B and C were jointly in possession of the same—then A would be entitled to recover alone on his count for conversion jointly against B and C for the interest that C did not purchase, and against B alone for the interest sold by him to C. 1 Bates

on Part., sec. 479; Walker v. Wallace, 31 Ga., 362; Bank v. Gore, 8 Am. Dec., 83.

4. Whenever the seller of personal property makes a proposition and the buyer accepts the same, and the goods are in the possession of the seller, and nothing remains to be done to identify them or in any way prepare them for delivery, the sale is complete, and the property in the goods passes at once.

TARLTON, CHIEF JUSTICE.—On May 24, 1892, one Reuben Finkelstein, theretofore doing business as a merchant in the town of Wichita Falls, Texas, was the owner of the stock of goods involved in this suit. On that day he agreed with A. Zundelowitz, the appellee, on the terms of sale of the stock in question, then in a storehouse which the appellant, A. C. Kean, had leased to him. The goods were identified by Reuben Finkelstein and Zundelowitz, the latter of whom, according to the terms agreed upon, executed a check for $600 in favor of Finkelstein, who promptly collected it, and in further consideration, canceled certain indebtedness due by Finkelstein to him, and assumed certain indebtedness due to others.

Zundelowitz placed the stock in charge of Joe Finkelstein, a brother of Reuben, and Joe, as the clerk of Zundelowitz, proceeded to dispose of the goods at retail, turning over the proceeds to his principal, until July 23, 1892. In the meantime, Zundelowitz, fearing, on account of enmity existing between himself and Kean, the owner of the house containing the goods, that the latter would increase the rental of the storehouse if he knew the goods to be the property of Zundelowitz, and with a view to prevent an increase in the rents, authorized Joe Finkelstein to represent to Kean that the stock was his property.

On representations thus made to Kean, and believed by him, he purchased, for a valuable consideration, from Joe Finkelstein an interest of 30 per cent in the merchandise. This transaction was completed on July 23, 1892, when, as partnership property in the proportion stated, Joe Finkelstein and A. C. Kean took possession of the goods, claiming to be owners, and proceeded thus to dispose of them, and to appropriate the proceeds to their own use.

On August 1, 1892, Zundelowitz brought this suit against A. C. Kean and Joe Finkelstein. He caused to be issued a writ of sequestration for the goods, an inventory of which, containing an itemized valuation, he attached to his petition. The total valuation of the merchandise was $3409.05. On the same day the defendants replevied the goods. The petition in effect, however, contained two counts, (1) for the property by specific items, and (2) for conversion, praying, in the alternative, for the property or its value, and for general relief.

The cause was tried, as to the plaintiff's cause of action, exclusively as a suit for conversion. The trial resulted in a verdict finding "for the plaintiff against the defendants, A. C. Kean and Joe Finkelstein, 70 per cent of the value of the goods in controversy, the amount be-

ing $2386.33; and for the plaintiff against Joe Finkelstein 30 per cent of the value of the goods, the amount being $1022.72; and for the defendant, A. C. Kean, against plaintiff, A. Zundelowitz, 30 per cent of the value of said goods on July 23, 1892, the same being $1022.72."

On this verdict a judgment was rendered, "that the plaintiff, A. Zundelowitz, * * * recover of and from the defendants, A. C. Kean and Joe Finkelstein, jointly and severally, the sum of $2286.33, and all costs in this behalf incurred; * * * that defendant A. C. Kean, as to the value of 30 per cent of the property in controversy, go hence without day;" and "that the plaintiff, A. Zundelowitz, * * * recover of and from defendant Joe Finkelstein individually for the sum of $1022.72, in addition to the said sum of $2286.33, beforesaid."

*Opinion.*—The first assignment of error is as follows: "The court erred in admitting the $600 check and $500 check in evidence, as pointed out in the bill of exceptions, because the same was not known to defendants before their purchase, and because plaintiff had disclaimed the goods, and knew that Joe Finkelstein was taking the bill of sale to same and in possession, and because R. Finkelstein was not a party to the suit."

The check for $600 referred to in the above assignment was as follows:

"WICHITA FALLS, TEXAS, May 24, 1892.
*"City National Bank:*

"Pay to R. Finkelstein or order Six Hundred ($600) Dollars.   No. 218.   In full for stock of goods.          "A. ZUNDELOWITZ."

The plaintiff claimed the goods by purchase from Reuben Finkelstein.   The defendant Joe Finkelstein, as the testimony elsewhere tended to show, had actual knowledge of his claim.   A part of the consideration claimed to have been paid by him was $600, in the check containing the above recital.   Conceding the genuineness of the instrument, which the forgoing assignment does not question, and which the testimony from other sources prove, it was certainly competent and pertinent to the issue involving the plaintiff's title to the goods, to thus establish the payment by him.

With reference to the $500 check referred to, it appears that, a few months prior to the transaction between Zundelowitz and Reuben Finkelstein, the stock of goods in question belonged to one L. Schlinger, from whom Reuben Finkelstein purchased them.   Zundelowitz testified, that a part of the consideration paid by him to Reuben Finkelstein was a $500 check that he paid Schlinger for Reuben.   We infer that the $500 check referred to in the assignment is the one about which Zundelowitz thus testifies.   We so infer, because the statement of facts fails to show that the check was actually introduced.   We

also infer, that if it was introduced it was used as corroborative of Zundelowitz's statement. If so, it was certainly not immaterial.

We therefore overrule the first assignment of error.

The appellants submit together for our consideration the third, fourth, eleventh, fourteenth, and fifteenth assignments of error. The fourteenth and fifteenth assignments assert contentions in no way germane to the matter relied upon in the remaining assignments. Bills of exceptions are referred to which are not in the record. Again, others are referred to which do not remotely pertain to the subject matter assigned. All are followed by a single proposition, to the effect, that "hearsay reports of a transaction, verbal or written, are inadmissible in evidence, and the law rejects and every just court should discharge the same when offered on the trial of any cause."

The correctness of this proposition will be readily admitted, but its applicability in this instance is not made to appear. It is wholly foreign, in fact, to the action of the court complained of in some of the assignments. The "statement" appended concludes with an argumentative and satirical, if not contemptuous, reference to the court's action.

This method of briefing a case is so violative of Rules 30 and 31, prescribed for practice in this court, that, under Rule 45, we decline to consider the several assignments referred to.

The fourth assignment complains that the witness Ben Meyers was erroneously permitted to testify, that a bill of sale was executed by Reuben Finkelstein and A. Zundelowitz, because the witness "stated the name was blank in bill of sale, and because the instrument in writing was the best evidence, pointed out in bills of exceptions numbers 5 and 22. (Tr., pp. 228, 209.)"

Bill of exceptions 5 is not in the record. Bill 22 fails to show that the verbal testimony of Ben Meyers was objected to on the ground that the name of the grantee in the bill of sale was blank. There was proof that the bill of sale itself was lost. This assignment is therefore overruled.

Appellants again group for our consideration the fifth, sixth, eighth, and thirteenth assignments, accompanied by the single proposition, that witnesses should not be permitted to "state their views or opinions on matters of a legal or moral obligation." The statement appended fails to show that views or opinions of this character were admitted by the court. The assignments are overruled.

The court correctly overruled the motion to exclude the evidence of sale from Reuben Finkelstein to Zundelowitz, the ground of the motion being that the bill of sale was not acknowledged or recorded. We do not understand that, to pass title, as between the parties to a transaction, it is necessary that the bill of sale of merchandise should be acknowledged or recorded. There was evidence affecting the defendant Joe Finkelstein with actual notice of the transaction. The seventh assignment of error is therefore overruled.

The defendants took the deposition of one Abe Finkelstein, whose answers to certain leading interrogatories were excluded by the court. This action was correct, as the objections were made before the trial commenced, on the ground indicated, and notice was given to the defendants.　It was not necessary to ask a ruling on the objections before the trial.　Coleman v. Colgate, 69 Texas, 88.

The sole proposition asserted, and therefore considered, in the sixteenth, twentieth, and twenty-first assignments of error is, that the court erred in failing to instruct the jury to find the values of the several items mentioned in the inventory attached to plaintiff's petition.

Under article 4502, Revised Statutes, where a suit is to recover specific articles or their value, and where the property has been replevied, the rule undoubtedly is, that the verdict and judgment should find the value of the several items of property replevied.　Cook v. Halsell, 65 Texas, 1; Watts v. Overstreet, 78 Texas, 571.

The reason of this rule is, that the judgment may be satisfied by the return of the property.　This, however, imports that the property is susceptible of division.　Blakely v. Duncan, 4 Texas, 183.

Here it appears, that in every item of the property in question the defendant Kean had an undivided interest of 30 per cent.　The appellee quite pertinently suggests the insuperable difficulty of returning an undivided interest of 70 per cent of the several items.　To illustrate, how, as he submits, would it be possible to return such an interest in "one show case," or "one stove and piping," or in "one satchel," or in "one shoe float and fixtures," and in "counters, shelving and fixtures?"　Besides, it must be noted that, as to the plaintiff's cause of action, this suit was tried and determined exclusively as a suit for the conversion of the property, and that no judgment was had against the sureties on the replevin bond.

In this case, the verdict in effect established the fact that Kean was a tenant in common with Zundelowitz to the extent of 30 per cent in the merchandise, and that Zundelowitz consequently had no right to demand a surrender of the property by his cotenant.　Therefore, a failure to assess the value of the items of the goods could not have operated to the injury of the defendants.

The seventeenth, eighteenth, nineteenth, and twenty-second assignments, which complain quite confusedly of the court's charge in matters of commission and omission, are accompanied by the single proposition that, "a sale is complete only when the price is paid or agreed to be paid, and the goods are delivered, by persons competent to contract."

The first and second paragraphs of the court's charge on the issue of whether there was a sale from Reuben Finkelstein to appellee were as follows:

"1. Whenever parties have agreed upon the terms of the sale, and the precise property sold is identified, and nothing remains to be done but deliver it, then the sale is complete.

"2. If you find and believe from the evidence that the plaintiff and Reuben Finkelstein, in May, 1892, agreed upon the terms of the sale of goods in controversy, and that the property sold was identified, then the sale to the plaintiff was complete, and the plaintiff was the owner thereof."

Under the issues presented by this record, the instruction of the court on this subject was sufficient. Cleveland v. Williams, 29 Texas, 204.

The testimony supports the verdict and judgment, and we accordingly order an affirmance.

*Affirmed.*

Delivered January 11, 1895.

Writ of error refused.