## No. 2336.

## W. J. COLE *v.* G. W. CRAWFORD ET AL.

1. PRACTICE—SPECIAL ISSUES.—When a cause is submitted to a jury on special issues, all the issues of fact made by the pleading must be submitted and determined by them before final judgment upon a verdict can be rendered.

2. VERDICT.—In a suit for the recovery of the value of specific articles converted, the rule which requires the jury to find the value of each article is intended for the benefit of the defendant, who should have the privilege of returning the articles or any of them in satisfaction of the judgment pro tanto. A failure of the jury to find the value of each article is not an error for which a judgment can be reversed on exceptions by a plaintiff.

3. PRACTICE.—A general charge is unnecessary when a cause is submitted to the jury on special issues.

4. OFFICIAL BOND—SURETIES.—The sureties on a constable's bond are only liable for his official acts or defaults committed after its execution.

5. SPECIAL ISSUES.—Whether a cause shall be submitted to a jury on special issues or not, is a matter resting in judicial discretion.

APPEAL from Bowie. Tried below before the Hon. W. P. Mc-Lean.

*F. M. Henry, Henry & Henry* and *R. D. Harrell,* for appellant: On their proposition that where property exempt from levy and sale for the payment of debts, is levied under and sold under an execution, the officer making the levy and sale, the sureties on his official bond and the plaintiff in the execution causing said levy and sale are all liable in damages to the defendant in the execution as joint trespassers; where an officer makes an illegal levy on property exempt to a family, the levy of the execution, the advertising for sale and the sale of said property at public auction, constitute a continuing trespass, and consists of a series of proceedings ending in the sale of the property under execu-

tion, the sale by the officer and the purchase of the property by the plaintiff in the execution constitute the conversion, they cited Murfree on Sheriffs, sections 943, 977; Lovejoy v. Murray, 70 United States; 3 Wallace, 129; Thompson on Homestead Exemptions, sections 874, 877, 878; Dennie v. Smith, 129 Massachusetts, 143; State v. McCormack, 50 Missouri, 568; see 17 Howard, 437; Revised Statutes, article 2335.

On their proposition that the levy, advertising and sale constitute a continued trespass. The levy of an execution on property exempt has no more effect to change title than a levy on the property of a third person would have, but a sale of exempt property will authorize the owner to maintain an action against the purchaser for the conversion of the property. The constable making bond between the time of the levy of the execution and the day of the sale of the property, the sureties on said bond were liable for the wrongful act of their principal in the sale of the exempt property, they cited Thompson on Homestead Exemptions, sections 877, 878, and notes; Freeman on Executions, section 215, 272.

*Vaughn & Leary* and *J. M. Talbot*, for appellees: On their proposition that the property of appellant having in fact been seized by the officer before his bond upon which this suit is founded was executed and the bond itself not providing security for wrongful acts of the officer committed before its execution, the sureties on the bond are not liable thereon for such seizure, although it may have been wrongful, cited Murfree on Official Bonds, section 633; Revised Statutes, article 4531; Weaver v. Ashcroft, 50 Texas, 444, and authorities cited; Thompson v. The State, 37 Mississippi, 518; Anderson v. Langdon, 1 Wheaton, 85; Jeffers v. Johnson, 18 New Jersey Law Journal, 3 Hare, 382; Meyers v. United States, 1 McLean, 493; United States v. Giles, 9 Cranch, 212; United States v. Boyd, 5 Howard, 29; Farrar v. United States, 5 Peters, 373.

GAINES, ASSOCIATE JUSTICE. Appellan. brought this suit in the court below, alleging in his petition in substance, that appellee Crawford, was elected a constable in Bowie county on the —————— day of ——————, 1884, and that on the thirteenth day of that month, he gave his official bond with the other appellees as his sureties, and that on the tenth day of said month, plaintiff was the owner of a wagon and two horses, with

harness, which were exempt from forced sale by reason of his being the head of a family. The petition also alleges that on the last named day, appellee, Crawford, acting under color of his office and conspiring with appellee, Black, seized the wagon and horses and converted them to their own use; and that the seizure was made by virtue of an execution issued from a justice's court upon a judgment in which Black was plaintiff, and appellant was defendant. The petition also alleged the value of the property and of its use and hire, and prayed a judgment for its recovery, or in the alternative for its value with damages for its detention, etc. The case was submitted to a jury upon special issues, and they found substantially all the facts alleged in the petition in favor of the plaintiff. The court thereupon gave judgment for the plaintiff, for the value of the property and of its hire from the time of the seizure to the date of the trial as found by the jury against Crawford and Black, but also adjudged that plaintiff should take nothing as to the other defendants and that they recover their costs.

Plaintiff moved for a new trial, and also to reform the judgment, so as to give him a recovery against all the defendants; and both motions being overruled, he excepted and gave notice of appeal.

The first assignment of error is as follows: "The court erred in submitting special issues to the jury in this, in failing to submit the question of the sale of the property in connection with the question of the seizure thereof, and in failing to submit the question of the specific value of each piece of said property, instead of the total value of all of said property as a whole." It is well settled in this court that when a case is given to a jury upon special issues, all the issues of fact made by the pleadings must be submitted and determined, or the verdict must be set aside. (Paschal v. Acklin, 27 Texas, 173.) But the converse of the proposition is equally true, that a special verdict need only find such facts as are alleged in the pleadings upon one side and denied upon the other. The petition fails to allege any sale of the property, and the answer of defendant being a general denial, the fact of its sale was not put in issue. A finding by the jury of a fact not alleged would have been a nullity, and could not have affected the rights of either party in the suit.

In reference to the failure of the court to submit to the jury the separate value of each piece of property, we do not see that this was necessary, and fail to perceive how the finding of its

value in gross has operated in any manner to the prejudice of appellant. It is held (Hoeser v. Kroeka, 29 Texas, 450, following Blackey v. Duncan, 4 Texas, 185) that in a suit for the specific recovery of several articles of personal property, the jury should find the value of such articles separately. But in both the cases cited this is put solely upon the ground that it is the privilege of the defendant to return any one or more of the articles recovered in satisfaction pro tanto of the judgment, and that he is deprived of this right by a verdict of the value in gross. This rule is believed to be purely for the benefit of the defendant, and it is not the defendants in this action who here complain.

The second assignment is that "the court erred in failing to submit a general charge upon all the issues submitted to the jury, raised by the pleadings and evidence." But no general charge is necessary where a case is submitted upon special issues. An instrution upon the law applicable to each issue is all that can be required, and it frequently occurs that an issue is as to a plain matter of fact, upon which no instruction is required.

The appellant in his third and fourth assignments of error complain in effect, that because the proof showed that the constable, Crawford, held the property under his levy and advertised and sold it by virtue of the execution, therefore this made a continuing trespass on his part and rendered the other defendants liable, although they did not execute the bond until three days after the seizure. It is not necessary either to affirm or deny the legal proposition involved in these assignments in order to dispose of them. If appellant had alleged these fact in his petition, he may have had a case against the sureties on the constable's bond. When his property exempt by law was seized by the constable under the execution, he had the right then to recover of him its value as the measure of his damage for the trespass then committed. This seems to us to be the nature of his action. He alleges a seizure and conversion of the property by the constable and plaintiff in execution on the tenth of November, and the execution of his, the constable's bond on the thirteenth, without avering any act of the constable with reference to the property on or after the latter date. The sureties could only be held liable for his acts or defaults after the execution of the bond. They certainly were not liable for a trespass committed before. There was no case made against them in the

petition and the proof could not aid its defects. If the issue had been submitted and the jury had found that the constable held the property and sold it under the writ after the execution of the bond, the sureties would still have been entitled to judgment *non abstante veredicto.*

There is nothing, in the fifth assignment, that the court erred in submitting special issues. We think the statute makes this a matter within the discretion of the court. (Revised Statutes, articles 1327, 1328 and 1329.)

What we have already said we think sufficient to dispose of appellant's other assignments. He was not entitled to a finding as to the date of the sale because there was no sale alleged; he could not lawfully claim a judgment against the sureties, because his petition failed to show a cause of action against them; and we do not see that he is prejudiced by the failure of the court in its judgment to assess the value of his horses and wagon severally.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Opinion delivered November 21, 1887,