### ROGER BYRNE v. J. P. LYNN.

Decided February 9, 1898.

**1. Recovery of Specific Property—Separate Valuation.**

In suits for the recovery of specific articles of personal property, the court can not, where there is neither allegation nor proof of the separate value of the articles, require the jury to value them separately.

**2. Same—Objection to Verdict—Arrest of Judgment.**

A verdict and judgment for recovery by plaintiff of specific articles of personal property, or their aggregate value, without having the value of each article separately determined, though irregular, is not so fundamentally defective as to be ground for arrest of judgment by a defendant who has taken no steps to secure a separate valuation till the verdict was returned.

**3. Same.**

Plaintiff sued for possession or value of a bar, counter, and ice-chest, the allegations and proof being of their aggregate value only, and had verdict and judgment for recovery of same, assessing their aggregate value at $400. Defendant objected to the verdict when returned because the articles were not separately valued, and for the same reason moved for a new trial and in arrest of judgment. Held, that the recovery should be sustained. [JUSTICE COLLARD dissenting, on the ground that it was the business of plaintiff to present such pleadings and evidence as were necessary to give a proper judgment.]

APPEAL from Bastrop. Tried below before Hon. ED. R. SINKS.

*Fowler & Fowler,* for appellant.

*Highsmith & Staples* and *Dyer Moore,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee as plaintiff sued appellant as defendant for the possession or value of certain personal property. The petition described the property thus: "One back bar, and one counter and ice-chest, being of the value of $900. Said bar and counter and ice-chest being saloon fixtures and furniture. Also thirty-six gallons of whiskey, of the value of $108;" and alleged that it had been delivered to Byrne upon an express agreement that it should be returned to Lynn upon demand, which had been made and delivery refused by Byrne. The petition prays for judgment for possession of the property, and in the

event it can not be produced, or has been destroyed or disposed of, then for judgment for its value; and also for compensation for its use and hire.

The defendant's answer contains a general demurrer, three special exceptions, a general denial, and a special plea alleging that defendant had purchased the property from the plaintiff, and was owner thereof.

After explaining the issues, the court charged the jury as follows: "If you believe from a fair preponderance of the evidence that plaintiff, J. P. Lynn, delivered to the defendant, Roger Byrne, the property described in the plaintiff's petition to hold for him until demanded by plaintiff, and that plaintiff has demanded possession of the same, and that the defendant refused to deliver the same, and that plaintiff is the owner of the same, then you will find for the plaintiff for such property, and the reasonable value of the same (if any) from the date of said demand for the same. If, on the other hand, you believe from the evidence that the defendant, Roger Byrne, purchased the property described in plaintiff's petition from the plaintiff, then you will find for the defendant.

"If you find for the plaintiff, you will also state in your verdict what you find the value to be of the bar fixtures and the whisky sued for separately, and the value of the use and occupation, if any."

The verdict reads as follows: "We the jury find for plaintiff (J. P. Lynn) and restore to him his bar fixtures, valued at (Four Hundred Dollars $400) and one Bbl of Joel B. Frazier whiskey, valued at (one Hundred Dollars $100.)"

Whereupon the court rendered judgment for the plaintiff for the recovery of the back bar, counter and ice-chest, and one barrel of Joel B. Frazier whisky; and further adjudged that in the event the fixtures, composed of the back bar, counter and ice-chest, could not be found, that plaintiff recover of defendant the sum of $400; and in the event the whisky could not be found that plaintiff recover of defendant the sum of $100.

The judgment makes no disposition of the general demurrer and special exceptions to the plaintiff's petition, and the record nowhere shows that they were ruled on by the trial judge; hence they are to be considered as waived.

Appellant does not contend that the verdict is not supported by testimony; and such contention would be useless, because appellee's evidence, though in conflict with the evidence of appellant, warrants the conclusion, and we therefore so find, that appellee was the owner of the property; that it was delivered to appellant as a bailee; that he had refused to deliver it to appellee when demanded, and that it was worth the amounts stated in the verdict.

The case is submitted in this court upon the following assignments of error:

"The court erred in overruling the defendant's motion for a new trial on the ground that the court erred in its charge to the jury in wholly

failing to instruct the jury to find the separate value of the back bar, the counter, and the ice-chest, claimed in plaintiff's petition.

"The court erred in overruling defendant's motion for a new trial on the ground that the verdict of the jury and the judgment of the court rendered thereon wholly fail to find, assess, or fix the separate value of the said back bar and the said counter and the said ice-chest.

"The court erred in overruling defendant's motion for a new trial on the ground that the judgment of the court wholly denies the defendant the right to retain either the said back bar or the said counter or the said ice-chest, or any two of them, without being compelled to retain all of them.

"The court erred in overruling defendant's motion in arrest of judgment on the ground that the separate value of the said back bar and the said counter and ice-chest is not set forth or alleged in the plaintiff's petition, nor in any of the proceedings in the case.

"The court erred in overruling said motion in arrest of judgment on the ground that the separate value of the said back bar and the said counter and the said ice-chest is not fixed by the verdict or judgment, the said verdict having been duly excepted to by defendant, as per bill of exceptions number 1."

There was no pleading by either party alleging the separate value of either the back bar, counter, or ice-chest; there was no testimony tending to show the separate value of either, nor was the court requested to instruct the jury to find the value of each separately; and these facts, it would seem, are a sufficient answer to all the assignments of error, except the last two. It is proper to explain, however, that when the verdict was returned, appellant excepted to it, because it did not find the separate value of the back bar, counter, and ice-chest; and if there had been evidence tending to show such values, there are authorities that tend to hold that when the verdict was excepted to the court should have referred the case back to the jury with instructions to find the separate value of each piece of property. Blake v. Powell, 26 Kan., 320. But most assuredly, when there is no testimony whatever tending to show the separate value of the several articles, it can not be the duty of the court to instruct the jury to find such separate value; nor in such case can it be the duty of the jury to make such a finding. Juries are required to decide issues submitted to them upon testimony; and when they are told to find the separate value of several pieces of property they can not, without disregarding their official oaths, do so, unless there is testimony before them tending to show such values.

We therefore hold, under the circumstances of this case, that the action of the court in not instructing the jury to find, and of the jury in not finding, the separate value of the back bar, of the counter, and of the ice-chest, was correct and proper, and that the court correctly overruled the exception to the verdict and the motion for a new trial, which exception and motion raised these questions.

The last two assignments of error, which complain of the action of the

court in overruling appellant's motion in arrest of judgment, present substantially the same question, which, briefly stated, is this: When a plaintiff sues to recover several articles of personal property, not alleged to have a special value to him, or their value, and shows that he is the owner of the property and entitled to its possession, is it absolutely necessary that the judgment shall fix the value of each article separately? In other words, although the plaintiff may allege and prove his ownership of the property, that the defendant is wrongfully in possession of it, and its gross value, but fails to allege an especial value to him, is he entitled to no relief, unless he proves the separate value of each article?

On these questions, counsel for appellant maintain the affirmative; and if they are correct, the verdict and judgment are fundamentally defective (and the motion in arrest of judgment should have been sustained) unless, as contended by counsel for appellee, the back bar, counter, and ice-chest are to be considered as a set of barroom fixtures or furniture, not susceptible of division and distinct valuation. Although there are cases in this State that tend to support appellant's position, we have found no case that appears to be entirely analogous to this case; and we believe appellant's contention is radically unsound. Counsel for appellant cite Revised Statutes, article 1339; Blakely v. Duncan, 4 Texas, 185; Hoeser v. Kraeka, 29 Texas, 450; Cook v. Halsell, 65 Texas, 1; Cole v. Crawford, 69 Texas, 124; Bennett v. Butterworth, 8 How. (U. S.), 128.

The statute referred to provides, that "where the judgment is for personal property, and it is shown by the pleadings and evidence and the verdict, if any, that such property has an especial value to the plaintiff, the court may award a special writ for the seizure and delivery of such property to the plaintiff; and the court may, in addition to the other relief granted in such case, enforce its judgment by attachment, fine, and imprisonment." This merely prescribes the character of judgment and the means for its enforcement when the plaintiff alleges and proves that the property has an especial value to him; and does not undertake to fix or regulate the rights of a plaintiff suing for personal property not alleged to have an especial value. Hence, it has but little if any bearing on the question under consideration.

Blakely v. Duncan, 4 Texas, 185, was a suit to recover three negroes, valuing one at $300 and the other two at $500; and if they could not be found, for the plaintiff for $1109.30. The case was reversed because the verdict and judgment did not find the separate value of each slave, and the damage caused by its detention. Like many of the early cases, and some of later date, this case is not well reported, and it is not shown exactly how the question was presented to the Supreme Court. It may be that the separate value of each slave was alleged and proved, and the trial court may have instructed the jury to find such values; and the court may not have intended to do more than hold that when such separate values were pleaded and evidence submitted to prove them, and there was timely objection to the verdict because it did not find them, a new trial should be awarded. At any rate, it is not clear that it was

intended in that case to hold that a petition to recover different articles of personal property or their value and a judgment rendered thereon, would be fundamentally. defective, unless such petition and judgment stated the separate value of each article; and no authorities are cited in the opinion that tend to sustain such a proposition. As reported, the same uncertainty exists as to how the question arose in Hoeser v. Kraeka, 29 Texas, 450. One of the reasons for reversing that case was because the verdict did not find the separate value of each article recovered; but it may be that such value was alleged and proved and the jury instructed to make such finding. The only authority cited in the opinion is Blakely v. Duncan, supra.

Cook v. Halsell, 65 Texas, 1, was a sequestration suit in which the property had been replevied; and in such cases, the statute (article 4502, Revised Statutes 1879) provides that the defendant shall have the right at any time within ten days after the judgment is rendered against him to return any portion of the property and receive credit pro tanto upon the judgment. Because the verdict was clearly contrary to the evidence and did not find the separate value of the various items of property replevied, the case was reversed; but it does not clearly appear how the question arose in that case. Though Blakely v. Duncan and Hoeser v. Kraeka are cited in the opinion, the decision appears to be based mainly upon the statute.

In Cole v. Crawford, 69 Texas, 124, the plaintiff sued to recover a wagon and two horses, with harness, and in the alternative for their value. The case was submitted to a jury upon special issues, and they found all the issues in favor of the plaintiff. The court rendered judgment for the plaintiff against two of the defendants for the value of the property and of its hire from the date of its conversion to the time of trial; but refused to render judgment against the other defendants. The plaintiff appealed, and the Supreme Court held that as the verdict fixed the gross value of the property and judgment was rendered for the plaintiff, therefore he could not complain of the failure of the court to submit to the jury the separate value of each piece of property. This is all on the subject that is decided in that case, though Blakely v. Duncan and Hoeser v. Kraeka are cited in the opinion as holding that in a suit for the recovery of several articles of personal property the jury should find the value of such articles separately; and it is held that the rule is for the benefit of the defendant.

In Bennett v. Butterworth, 8 Howard, 124, the plaintiff sued to recover four slaves, alleging the separate value of each, amounting in the aggregate to $2700. The verdict did not find the separate value of the slaves, but fixed the gross value at $1200, and assessed nominal damages. The plaintiff released the $1200 and court rendered judgment for him for the slaves. The case was carried to the Supreme Court of the United States by writ of error, where a motion was made to dismiss for want of jurisdiction, upon the ground that the matter in controversy was not of the value of $2000. This motion was overruled by a divided court, and

in the majority opinion it is said: "This proceeding appears to be a substitute for the common law action of detinue, and resembles it in many respects. In that action, if the jury find that the property belongs to the plaintiff, and is detained from him by the defendant, they ought to find at the same time the value of each separate article in dispute, and the judgment of the court is that the plaintiff recover the property, or the value thereof, as found by the jury, provided he can not obtain possession of the property, together with his damages and costs."

In his dissenting opinion, Mr. Justice Daniel used this language: "This cause is in effect, and in form, except with regard to the frame of the petition, corresponding with the declaration at common law, in all its details and proceedings, an action of detinue for the recovery of four slaves. In every such action, the authorities tell us that it is requisite to describe the property demanded with so much certainty that it may be delivered up *in specie;* and it was ruled by the older cases, that where the property consisted of several articles, the plaintiff must show the value of each particular article, and not state the aggregate value. Subsequently, however, it has been ruled that the declaration may mention the separate value of each article, or it may state the value in gross; and this appears to be the established doctrine in England at this day. See Com. Dig., title 'Pleader' (2x2)."

In that case, the question now under consideration was only incidentally referred to; and what is said on the subject in either opinion can not be regarded as deciding it. The only thing decided was that the court had jurisdiction of the appeal.

This concludes the authorities cited by counsel for appellant; and we do not regard any of them as necessarily supporting the proposition that the judgment in this case is so fundamentally erroneous as that it should have been arrested upon appellant's motion. In other jurisdictions similar questions have been under consideration, and we will now turn to these adjudications. Blake v. Powell, 26 Kansas, 320, was a replevin suit. The verdict and judgment went for the defendant. On appeal, the opinion of the court was delivered by Judge Brewer, who said: "Other questions made by counsel, save one, are fully covered by repeated prior decisions of this court, and need not be noticed. That single objection is that the jury found the value of the stock of goods as a whole, and did not find the separate value of each particular article in the stock. Plaintiff claims that he has a right to return such portion of the stock as he still retains, and have a reduced judgment of value to that extent, and that therefore the jury should have found the value of each separate article in the stock of goods. It is enough to say, in reply to this objection, that it was not presented at the time the verdict was returned. Perhaps if the plaintiff had then insisted on the jury's finding the value of any particular article which he desired to return, it might have been proper to require the jury to so find; but in the absence of any such request, it would be absurd to hold that when the replevin is of a

stock of goods, as in the present case, the jury is bound to state in their verdict the value of each particular article. See further upon this matter, the remarks of Mr. Justice Valentine, in the opinion filed in the case of Knox v. Noble, 25 Kansas, 449."

The case cited by Judge Brewer, Knox v. Noble, 25 Kansas, 449, was a replevin suit to recover certain horses and farming implements. The plaintiff alleged that he held a mortgage on the property for $1650, and that he had been damaged by its wrongful detention $500. He also stated in his affidavit for a writ of replevin that it was worth $600; but the value of the property was not specifically averred in his petition, and when he offered testimony tending to show its value, the defendant objected, because value was not alleged. The evidence was admitted, and verdict and judgment rendered for the plaintiff for the property and in the alternative for $500, its value. On appeal, it was held that the trial court erred in admitting the testimony, but as no injury had resulted, the error was harmless; and in concluding the opinion, the court said: "We might further say that in cases of this kind, where the action of replevin is for several articles, the value of each separate article should generally be stated in the petition, though this is not essentially necessary in any case, and in some cases it would be impracticable. Where the petition states the value of each article separately, then the verdict of the jury and the judgment of the court may also state the value of each article separately; and if the judgment is thus rendered, it may be much more easily enforced where only a portion of the articles can be found, than a judgment which is only for the aggregate value of all the articles. Where the judgment is rendered for the value of each article separately, the officer may seize such of the articles as he may find and return them to the plaintiff, and may then levy upon other property for the purpose of recovering the value of those articles which he can not find. In the usual course of practice, however, we think that neither the petition nor the verdict nor the judgment is made to state the value of each separate article, but generally is made to state only the value of all the articles in the aggregate, and such petitions, verdicts, and judgments we think have generally been considered as sufficient."

In Noland v. Leech, 10 Arkansas (5 English), 504, a new trial was awarded, because the verdict did not find the separate value of the articles sued for, as required by a statute of that State in actions of replevin; and while the report of the case does not show precisely how the question arose, it is intimated in a subsequent case (Hanf v. Ford, 37 Arkansas, 545) that the error was deemed fundamental. However, if such was then the opinion of that court, it must have undergone a change, because in Hobbs v. Clark, 53 Arkansas, 411, it is said:

"The judgment is said to be erroneous, however, because the value of the several items, which were separately described in the complaint, were not separately assessed by the jury in their verdict.

"In an action of replevin for several distinct articles of property, the defendant, who has retained the possession, and against whom the verdict

is returned, is entitled to have it specify the separate value of each article and it is error to refuse him the right. Hanf v. Ford, 37 Ark., 544. But it is a right which he may waive. In the absence of a demand for a separate valuation before the verdict, or of objection to the verdict before the jury is discharged, it is fair to presume that the right is not insisted upon, but that the intention is to waive it. Blake v. Powell, 26 Kan., 320; Wilson v. Barnes, 49 Ala., 134.

"If the verdict were insufficient to sustain a judgment, the rule would be different, for then there would be nothing upon which the court could act Objections to deviations from the strict line of procedure which do not vitiate the judgment must ordinarily be made at a time when they can be corrected without retracing the steps of the trial, or the party failing to object will be held to acquiesce in the course pursued. See Ruble v. State, 51 Ark., 126; Moore v. State, 51 Ark., 130; 1 Thomp. Trials, sec. 113.

"The appellant made no demand for a separate valuation of the articles, and made no objection to the form of the verdict when it was returned. It was too late to complain first in his motion for a new trial."

In Whetmore v. Rupe, 65 California, 237, the Supreme Court of that State uses this language:

"Appellant contends the judgment should be reversed, because neither it nor any finding determines the value of each article sued for separately. In support of this contention, appellant cites Wallace v. Hilliard, 7 Wisconsin, 627; Loan and Trust Co. v. Bank, 15 Wisconsin, 425; Whitfield v. Whitfield, 40 Mississippi, 369; Hoeser v. Kraeka, 29 Texas, 455. The first of these case only decides that the verdict should find the value of the property sued for, and the second, that defendant may waive a return of the property and take a judgment for its value alone. In California, it has been held that defendant may waive his right to the alternative judgment for value and may rely on his judgment for the return of the property. Waldman v. Broder, 10 Cal., 379. Whitfield v. Whitfield, cited from the Mississippi Reports, decided that a judgment in favor of a plaintiff, which did not follow a verdict specifying the value of each article, but which required the defendant to deliver all the articles of property or pay their aggregate value, was erroneous. Hoeser v. Kraeka, the Texas case, seems to uphold the view of the appellant. There the court held a verdict which did not find a separate value of each article recovered erroneous, saying: 'The defendant should have the privilege of returning any one or more of the articles recovered, instead of paying its value, and vice versa; but this would be denied him, unless the separate value of each article were found.'

"We do not agree that the wrongdoer may, through his wrongdoing, acquire a privilege of restoring to its owner a particular article, or paying instead its value, as found by a jury. Under our code, the judgment is primarily for the return of all the property wrongfully taken or withheld, and the judgment for its value comes into operation only 'in case a return can not be had.' Code Civ. Proc., sec. 667. So by section

627 the jury are to find the value of any specific portion of the property only 'if so instructed.' Error can, therefore, only arise in a case where such instruction would be pertinent and proper, and the instruction was asked and refused. In De Thomas v. Witherby, 61 California, 92, this court held that where a plaintiff replevined goods from a defendant and a judgment was rendered against him for a return of the property or its value, the plaintiff could not be excused from satisfying the judgment upon a plea that the property had been lost in his hands, even by act of God. In De Thomas v. Witherby the language of the Superior Court of New York in Suydam v. Jenkins, 3 Sandford, 614, is cited with approval: 'The undertaking of the plaintiff in the replevin bond, we conceive, is absolute to return the goods, or pay their value at the time of the execution of the bond. We do not think that a wrongdoer is ever to be treated as a mere bailee, and that the property in his possession is to any extent at the risk of the owner.' It can not be doubted that a plaintiff, who, without right, has seized the property of a defendant under writ, is a wrongdoer."

There are Virginia, Alabama, Mississippi, and Wisconsin decisions, and perhaps others, which hold that the verdict and judgment should find the separate value of each article, when several are recovered, and there is an alternative judgment for their gross value. But it is believed that they are nearly all based upon statutes regulating sequestration and replevin proceedings, and permitting the party cast in the suit, if he has possession of the property, to return separate articles in part satisfaction of the judgment; and, while there is such a statute in this State, it only applies to cases in which the party holds possession of the property under a replevy bond, which is not the case here. And even in such cases, it was held in Blake v. Powell and Hobbs v. Clark, supra, that when the question was not raised until after verdict, it would be regarded as waived. But as these cases lay some stress upon the failure to object to the verdict before the jury was discharged, and as appellant in this case excepted to the verdict as soon as it was announced by the jury, it becomes necessary to consider that aspect of the case. In order for an objection to a verdict, made at the time it is returned into court, to have any greater force or preserve any other rights than would a motion for a new trial or in arrest of judgment, the record ought to show that the conditions were such that, by declining to receive the verdict and referring the case back to the jury, the objection could have been removed, without undoing that which had already been done. Such conditions are not shown to have existed when appellant excepted to the verdict in this case; but on the contrary, the record shows that there was no testimony before the jury tending to show the separate value of the back bar, counter and ice-chest, and it was not shown that any witness was then accessible by whom such values could have been proved. As said in Hobbs v. Clark, supra: "Objections to deviations from the strict line of procedure, which do not vitiate the judgment, must ordinarily be made at a time when they can be corrected without retracing

the steps of the trial, or the party failing to object will be held to acquiesce in the course pursued." Hence we do not think appellant's exception to the verdict, considering the conditions then existing, places him in any better position than he would have occupied had he remained silent when it was returned; because the only relief that it was practicable for the court to grant him when he excepted to the verdict was to arrest the proceedings and award a new trial, and if he was entitled to that relief then, he was entitled to it when he filed his motion in arrest of judgment.

This then brings us to the question, was the failure of the verdict to find the separate value of the back bar, counter, and ice-chest such an error or defect as entitled appellant to have the judgment arrested? and upon both reason and authority, it is believed that this question must be answered in the negative. "According to Blackstone, 'arrests of judgment arise from intrinsic causes, appearing upon the face of the record.' And he enumerates the grounds which will be sufficient to prompt this action of the court as follows: Where the declaration varies totally from the original writ; where the verdict materially differs from the pleadings and issue thereon; and where the case laid in the declaration is not sufficient in point of law to found an action upon." 3 Black. Comm., 393.

A standard writer says: "As a general rule, a judgment can be arrested only for some matter appearing, or the omission of some matter which ought to appear, on the face of the record itself. 'A motion in arrest of judgment reaches only such defects as are apparent on the face of the record, and as are not cured by the verdict or some statute of amendments, or waived by failing to demur.' This motion, in other words, does not perform the office of calling the attention of the court to rulings which constitute matters of exception. It can not, therefore, be used as a substitute for a motion for a new trial." * * * It is stated to be an invariable rule, with regard to the arrest of judgment, that whatever is alleged for this purpose must be such matter as would upon demurrer have been sufficient to overturn the action or plea. That is, motions in arrest are governed in general by the principles applicable to demurrers, and no greater indulgence is shown to the defendant in respect to his objections thus urged than if they had taken the shape of a demurrer. In fact, as a consequence of the statutes of amendments and the doctrine of cure by verdict, much greater severity is shown to motions in arrest. So that it is by no means true that anything which would have supported a demurrer will be good ground for arresting the judgment. 'Exceptions that are moved in arrest of judgment must be much more material and glaring than such as will maintain a demurrer; or in other words, many inaccuracies and omissions, which would be fatal if early observed, are cured by a subsequent verdict, and not suffered in the last stage of a cause to unravel the whole proceedings.'" 1 Black. on Judg., sec. 98.

Now what is the defect in this verdict? It is not claimed that it

varies from the petition. Then if the petition states a cause of action good against a general demurrer, and the verdict is responsive to the petition, what right has appellant to have the judgment arrested?

The petition undoubtedly states a good cause of action for the recovery of the property; and on the verdict rendered, appellee was entitled to such a judgment, even if he was not entitled to the alternative judgment for the value of the property.

The rule is that a motion in arrest of judgment is predicated upon the proposition that there is such a defect or omission apparent upon the face of the record as renders it manifestly improper for any judgment to be rendered.

Besides, it was not necessary to allege the separate value of each piece of property, in order to obtain an alternative judgment for its value. In treating the subject of detinue, Chitty says: "With respect to the pleadings in this action, more certainty is necessary in the description of the chattels than in an action of trover or replevin; but it is not necessary to state the date of a deed; and if the action be brought for several articles, the value of each need not be stated separately in the declaration, though the jury should sever the value of each by their verdict." See also Haynes v. Crutchfield, 7 Ala., 189.

It should be borne in mind that the alternative judgment for the value of the property is for the protection of the plaintiff, and not for the benefit of the defendant; and a judgment for the value of the property in gross will afford such protection.

The defendant wrongfully in possession of the plaintiff's property has no right, without the plaintiff's consent, to keep the property, even though he should offer to pay ten times its value. It would be a strange doctrine that would permit one man to force another against his will to part with title to his property, by wrongfully taking possession of it, and when sued for its recovery, have its value determined and elect to pay for it and keep it. This would be a greater right than is conferred by statute when property has been replevined, which merely gives the privilege of returning the property in satisfaction of the money judgment. And if it be conceded that the doctrine of the common law is the same as the statute, and that whenever a suit is brought for personal property and judgment in the alternative for its value sought, the defendant has the right to have each item of property valued separately by the judgment, whose duty is it to allege and prove such separate values? Is it the duty of the plaintiff? and if so, why? If he desires to recover such of the property as can be found and the value of the remainder, instead of recovering the entire property or its entire value, then it would be his duty, for his own benefit, to prove the value of each article. But if he prefers to recover the entire property or its total value, why should he be required to prove the separate value of each item? The general rule is that the party who is to be benefited by a particular fact is required to prove it; and no good reason is seen why that rule should not apply in such cases as this. Certainly a plaintiff

who is deprived of the possession and use of his property by the wrong-ful conduct of a defendant ought not to be required, for the benefit of the defendant, to prove facts not necessary for his own protection, and the proof of which is equally accessible to the defendant..

Besides, even if it was appellee's duty to make such proof, it does not follow that performance of that duty was a condition precedent to his right to recover; and it would seem nothing but reasonable to hold that the failure of appellant to demand such proof, until it was too late to make it, should be construed as waiving the right to have it made.

While it appears to have been so held in Blakely v. Duncan, 4 Texas, 185, and Hoeser v. Kraeka, 29 Texas, 450, it is not clear to the writer of his opinion, that, at the common law, in actions of detinue, the plain-tiff would not be entitled to a judgment if he so desired, for all the property, or for its entire value. In an old English case, reported in 1734, such a judgment appears to have been upheld. Jenkins' Reports, 112. In this case, appellee might have sued appellant for conversion and recovered the value of the entire property (Nelson v. King, 25 Texas, 656), and appellant would not have been entitled to return the property or any part of it in satisfaction of the judgment. Such being the case, as the law permits him to sue for and recover the property, or in the alternative its value, and as the verdict establishes the fact that he is in the right and appellant in the wrong, in the absence of a statute controlling the matter, it would seem nothing but fair to allow appellee to elect to take a judgment, either for the entire property or its entire value, or for such of the property as could be found and the value of the remainder. It is not necessary, however, to decide this question, and this court makes no ruling upon it; because we hold that if ap-pellant had the right to have the separate value of each article fixed by the verdict, he has waived it.

Nor is it necessary to pass upon appellee's contention that the back bar, counter, and ice-chest constitute a set of barroom furniture, and that each piece is necessary to a proper use of the others, and if separated, the value of each would be diminished.

For the reasons given, we think the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.

COLLARD, ASSOCIATE JUSTICE, Dissenting.—I have been compelled to respectfully dissent from the views of the majority of the court in this case. I believe the judgment ought to be reversed and the cause remanded, because the verdict failed to find the value of the back bar, the counter, and the ice-chest separately. The rule as established in this State requires such a finding in a suit of this kind, and a failure in this respect is held to be a cause for reversal. Blakely v. Duncan, 4 Texas, 185; Hoeser v. Kraeka, 29 Texas, 450; Cook v. Halsell, 65 Texas, 1; Cole v. Crawford, 69 Texas, 124.

In Blakely v. Duncan, where two of the negroes sued for were valued together in the aggregate, the court says: "In actions of this kind [for the recovery of specific chattels], for property susceptible of a division and a distinct valuation, it is believed that the rule of law is well settled, that the jury should find the separate value of each; and the reason is obvious, that as the judgment is in the alternative, and as the property may be surrendered in discharge of such valuation, if it was not so assessed, it would be imposible to deliver part without delivering all the property so assessed in the aggregate."

Because of the error in the verdict, the judgment was reversed, though there does not appear to have been any exception to the verdict at the time of its return into court.

The case of Hoeser v. Kraeka was a suit for specific chattels The jury returned a verdict for $500, the value of all the property, and $50 for its use. The verdict was held to be erroneous upon the authority· of Blakely v. Duncan; the court declaring that "the defendant should have the privilege of returning any one or more of the articles recovered, instead of paying its value, and vice versa; but this would be denied him, unless the separate value of each article was found." For this and another error in the charge, the judgment was reversed.

The case of Cook v. Halsell was a suit on a promissory note, secured by chattel mortgage on chattels, which were sequestered by plaintiff and replevied by the defendant. A verdict was returned for plaintiff for the amount sued for. The court rendered judgment accordingly and foreclosed the mortgage, and also rendered judgment against the principal and sureties on his replevy bond for $969, which the court said was the value of the property assessed by the jury, ordering that if the property were not delivered to the sheriff, plaintiff should recover $969, the value of the same, of the principal and sureties on the replevy bond, as assessed by the jury. It was held that "the verdict should have found the value of the various items of property replevied by appellants, as they had the right by the statute to return the whole property in satisfaction of the judgment or a part of it, in satisfaction pro tanto;" citing Revised Statutes, section 4502; Hoeser v. Kraeka; Blakely v. Duncan; and Bennett v. Butterworth, 8 Howard (U. S.), 128.

The familiar statute referred to provides that the defendant replevying property sequestered shall have the right, within ten days after judgment against him, to deliver to the sheriff the property replevied, or any portion thereof, and provides that the value of the property so delivered shall be credited on the judgment. Rev. Stats. 1895, sec. 4877.

The statute declaring the right of a defendant replevying goods sequestered is no more a right than one existing at law, and if a verdict should in the one case estimate the value of goods recovered, so as to provide for the privilege of returning them or a part thereof in satisfaction pro tanto of the judgment for value, it is equally necessary that the verdict should so provide in the other case. The statute does not re-

quire the verdict, in cases of replevin, to find the separate value of the articles replevied. If it did, there might be a difference in the rights of the defendant in the two cases. The statute merely declares a right, as does the law, and it as perfect in the one case as in the other.

This right of the defendant to return all or a part of the goods adjudged to plaintiff on recovery in a suit for them in kind, or for their value in the alternative, is not questioned. It is a right well settled.

The suit at bar was for the recovery of certain named chattels, and in the alternative, if the goods were not forthcoming in answer to the judgment, for their value. The prime object of the suit was the recovery of the property; it was only in the alternative stated that the value was claimed. The plaintiff can not complain if he is allowed to recover only according to his prayer. If he had seen proper, he could have sued for a conversion of the goods, and recovered their value, and in this way have compelled the defendant to keep all the goods. Having brought his suit for the recovery of the goods, and in the alternative for their value, he must so recover, if he recovers at all. In such event, it is the right of the defendant, if judgment go against him, to return the goods or a part of them, and if he deliver only a part of them, he must pay the value of those he does not or can not deliver. Plaintiff having elected to sue for the goods, he should abide by the established rules governing his and defendant's rights. The defendant in such a suit is not required to set up his rights; they arise from and depend upon the plaintiff's suit. Plaintiff's recovery is limited by the character of his suit. Hence the rule that the verdict must conform to the rights resulting from the suit, both his own and those of the defendant. It is plaintiff's duty to provide for his verdict and judgment, according to the nature of his action. The rights of defendant belong to and inhere in the nature of the plaintiff's action. They are not of a defensive character and required to be set up and proved.

When plaintiff sues for the recovery of goods described, and in the alternative for their value, the law, if he is the owner, will grant him what he claims and no more. If some of the specific articles are returned, he should take them, and take the value of those not returned. If the part returned is diminished in value because of the absence of the other part, then the law would protect him by declaring that all of them constitute but one thing, useful only for one purpose. But this fact must be shown to raise the exception. No such fact is shown in this case. The bar, the counter, and the ice-chest are different items sued for, and for aught that appears, are as valuable separated as taken together as a whole. The articles replevied in the case of Cook v. Halsell were many of them similar to those sued for in this case—one billiard table, one pool table, one safe, one lunch stand, one large mirror, eight pictures, one silver pitcher, ten demijohns, twelve fancy bottles, twelve dozen bar glasses including fancy glasses, all of which seem to constitute a bar outfit—and in that case it was held that the verdict, failing to value each article separately, was erroneous.

Chitty says: "The nature of the action (detinue) requires that the verdict and judgment be such that a specific remedy may be had for the recovery of the goods detained, or a satisfaction in value for each several parcel, in case they or either of them can not be returned; and therefore, when the action is for several chattels, the jury ought, by their verdict, to assess the value of each separately; and if the jury neglect to find the value, the omission can not be suplied by writ of inquiry." 1 Chit., 139.

This author also says it is not necessary that the value of the articles be stated separately in the declaration, though the jury should sever the value of each in the verdict. Id. It is a matter of proof arising from the nature of plaintiff's suit, and it devolves upon him to make the proof necessary to the verdict.

The force of the reasoning that defendant ought not to be heard to complain that he is by the verdict in this case compelled to keep the property he unlawfully holds, disappears, when we come to consider that plaintiff has sued to recover the property itself, itemizing it, *or in the alternative for its* value. The correct rule is to grant him what he asks for and is entitled to, and no more.

The verdict in this case can not be said to cure its own defects and the defects in the proof, because it was excepted to at the time it was returned into court. The error was insisted on by motion for a new trial, and is now urged.

By reversing the case the proof can be made and all difficulty removed, with justice to all the parties, and I believe it ought to be done.