CARRASCO et al. v. DE LEON.    (No. 1252.)

(Court of Civil Appeals of Texas. El Paso. Nov. 10, 1921. Rehearing Denied Dec. 8, 1921.)

1. Adverse possession ⬅112—Burden of proving appropriation supporting limitations held upon defendants.

In trespass to try title, where defendants based their claim upon adverse possession and statutory limitations, the burden of proving an actual and visible appropriation of the land sufficient to support the limitations rested upon them.

2. Adverse possession ⬅61—Landlord and tenant ⬅66(2)—When possession by agent or tenant is adverse to owner stated.

A possession which would ordinarily be regarded as adverse is not adverse to the real owner where the possessor has been admitted as agent or tenant of the owner, and in such case limitations against the owner will not begin to run until the possessor has repudiated the relationship of agent or tenant, and the real owner is shown to have notice thereof, and that the possessor is holding adversely to him.

3. Estoppel ⬅116—Burden of showing estoppel by plaintiffs to allege ownership held to rest on defendants.

In trespass to try title, where defendants held under conveyances from plaintiff's agent, the burden of proving estoppel of plaintiff by admissions or representations that plaintiff did not own the land, but that it belonged to the agent, held to rest upon defendants.

4. Trial ⬅215—Charge calling for general verdict inapplicable where case submitted on special issues.

Where a case is submitted on special issues, a charge calling for a general verdict is inapplicable.

Appeal from District Court, Presidio County; Joseph Jones, Judge.

Suit in trespass to try title by Simon L. de Leon against Rosendo Carrasco and others. Judgment for plaintiff, and defendants appeal. Affirmed.

J. C. Fuller, of Marfa, and J. Q. Henry, of Del Rio, for appellant.

C. R. Sutton, of Marfa, for appellee.

HIGGINS, J. On December 16, 1919, appellee brought this suit in trespass to try title against appellants, the land in controversy being survey No. 8, originally granted to Jose Bustillos, situate in Presidio county, near the town of Presidio. Plaintiff pleaded title under the 3, 5, and 10 years' statutes of limitation. Defendants pleaded not guilty, and the 3, 5, and 10 years' statutes of limitation.

Plaintiff offered in evidence documentary evidence as follows:

Tax collector's deed to Whitaker Keesey, dated July 6, 1880, duly recorded December 12, 1883.

Deed from Keesey to Chas. Henderson dated May 22, 1890, duly recorded upon the same date.

The probate proceedings in the estate of Chas. Henderson, by whose will the land was devised to the plaintiff. Henderson died December 24, 1891, and his will was admitted to probate in August, 1892. S. J. Hensley was appointed administrator with will annexed, and qualified as such. The land was inventoried as a part of the estate.

By deed dated August 1, 1892, Hensley, as administrator of the Henderson estate, conveyed the land to plaintiff. Upon the same date the deed was duly recorded.

Defendants offered in evidence:

Deed from Wm. D. Hensley to S. J. Hensley, dated March 14, 1905, duly recorded December 23, 1910; deed from S. J. Hensley and wife to Mateo Carrasco, dated January 7, 1916, recorded January 18, 1916; deeds from Mateo Carrasco to his children, the defendants in the suit, dated May 15, 1917, conveying to each child 20 acres of the land in controversy.

The plaintiff and S. J. Hensley were brothers-in-law. The plaintiff testified in substance that in January or February following the death of Henderson he moved on the land, and remained there four years cultivating and claiming the same. That in 1896 he moved away, having been compelled to leave because a flood had destroyed his diversion dam and irrigating ditch. When he left he went to Boquillas, thence to Terlingua, thence to Mariposa, thence to Balmorhea, and then to the Willis McCutcheon ranch. During all this time he was working, and was absent many miles from the land for many years except for about two visits,

235 S.W.—18

and did not return until shortly after the death of S. J. Hensley in 1918. When he left he placed this and other land owned by him in Hensley's care. After Hensley's death he came to Marfa and visited the land. When he got there he found some one working it. He then returned to Marfa and went to see Hensley's widow, who told him that Hensley had sold the land. He then consulted a lawyer. During all the years of his absence he had been sending Hensley money to pay the taxes. That Hensley had never accounted to him for any rent, and he had not supposed there were any renters on it, because it had no water.

The case was submitted upon special issues as follows:

### "Special Issue No. 1.

"Did the plaintiff in this cause, or the person under whom he claims, Charles Henderson, have peaceable and adverse possession of the 160 acres of land described in the petition, cultivating, using or enjoying the same for a period of five years from the 22d day of May, 1890, claiming the same under a deed duly registered, and paying taxes thereon as same accrued? Answer 'Yes' or 'No.'

### "Special Issue No. 2.

"Did the plaintiff in this cause, or the person under whom he claims, Charles Henderson, have 'adverse and peaceable possession' of the land in controversy, cultivating, using and enjoying the same, under a claim of ownership, in person, or by and through tenants, for more than 10 years next after May 22, 1890? Answer 'Yes' or 'No.'

"If you answer either, or both, of the foregoing issues 'Yes,' then you will proceed to answer the following question, but, if you answer both of the foregoing issues 'No,' then you need not go further than have your foreman sign such answer and return it as your verdict.

### "Special Issue No. 3.

"Did the defendants in this case, or the person under whom they claim, S. J. Hensley, have peaceable and adverse possession of the 160 acres of land described in plaintiff's petition, cultivating, using, or enjoying the same for a period of five years from and after March 14, 1905, claiming the same under a deed duly registered, and paying taxes thereon as the same accrued? Answer 'Yes' or 'No.'

### "Special Issue No. 4.

"Did the defendants in this case, or the person under whom they claim, S. J. Hensley, have peaceable and adverse possession of the land in controversy, cultivating, using and enjoying the same, under a claim of ownership in person, or by and through tenants, for more than 10 years after March 14, 1905? Answer 'Yes' or 'No.'

"If you have answered both issues Nos. 3 and 4 'No,' then you need not answer further, but if you answer either or both of said issues 'Yes,' then you will answer the following:

"Special Issue No. 5.

"Did the S. J. Hensley mentioned in the evidence in this cause acquire possession of the land in controversy originally as the agent or tenant under Simon L. de Leon, the plaintiff? Answer 'Yes' or 'No.'

"If you answer the foregoing special issue 'No,' then you need not answer further, but, if you answer 'Yes' then you will answer special issue No. 6, which is as follows:

"Special Issue No. 6.

"Did the said S. J. Hensley ever repudiate such agency or tenancy and return such possession to said de Leon? Answer 'Yes' or 'No.' If you answer 'Yes,' then state when he repudiated such agency or tenancy and returned such possession. Answer this question by stating the date.

"You are instructed that when a party makes admissions or representations in respect to his right of title of property by which another is deceived and induced to purchase it from another, he will be precluded from asserting his claim to' said property, against the claim of him who had confided in and acted on such admission or representation. Therefore, you will determine from the evidence whether the defendant Mateo Carrasco was, by the acts, admissions, or representations of the plaintiff, Simon L. de Leon, to defendant Tiofilo Carrasco induced to purchase the land in controversy from S. J. Hensley. If so, you will answer the following questions in the affirmative; if not, then you will answer them in the negative.

"Special Issue No. 7.

"Did the plaintiff, Simon L. de Leon, admit or represent to the defendant, Tiofilo Carrasco, that the land in controversy did not belong to him, but belonged to S. J. Hensley before the same was purchased by the defendant Mateo Carrasco from the said S. J. Hensley? Answer 'Yes' or 'No.'

"Special Issue No. 8.

"Was the defendant, Mateo Carrasco, induced to purchase the land in controversy from S. J. Hensley by or through the acts, admissions, or representations of the plaintiff, Simon L. de Leon, to the defendant, Tiofilo Carrasco, that the plaintiff did not own it, but that it belonged to S. J. Hensley? Answer 'Yes' or 'No.' "

Issues 1 and 2 were answered "Yes"; 3, 4, 7, and 8, "No." Issues 3 and 4 having both been answered in the negative, the jury, as per the instructions of the court, returned no answers to issues 5 and 6.

The charge gave definitions of "peaceable possession," "adverse possession," and other appropriate instructions in connection with the issues of limitation. Judgment was rendered for the plaintiff.

Under the first two findings of the jury the plaintiff became invested with title under the 5 and 10 year statutes of limitation, and no issue with respect to those findings is presented by the appeal. The title thus vested entitled him to a recovery unless it was lost by adverse possession sufficient to confer title upon defendants under the 5 or 10 year statutes, or unless the plaintiff was estopped from asserting his title. Findings 3 and 4 are adverse to the defendants upon their claim by limitation, and findings 7 and 8 are adverse to them upon the issue of estoppel.

Upon the findings, the judgment in favor of plaintiff was proper.

The first and second assignments question the sufficiency of the evidence to support the adverse findings upon issues 3, 4, 7, and 8. As we view this record the evidence presents but three questions bearing upon the defenses set up, all of which were submitted by the court, viz.:

1. The question of limitation, which is complicated by the fact that the direct testimony of the plaintiff, supported strongly by many facts and circumstances, shows that the possession of S. J. Hensley, if in fact he ever had actual possession, was originally acquired as the agent of plaintiff.

[1] The defendants and their grantor, Mateo Carrasco, could not have had possession for the requisite period, and to sustain their plea their possession must be tacked to that of S. J. Hensley. The burden of proving an actual and visible appropriation of the land sufficient to support limitation rested upon defendants. The testimony adduced to show an actual and visible appropriation of the land by Hensley is most unsatisfactory. In our opinion the jury was abundantly warranted in returning a finding against the defendants upon their claim of title by adverse possession.

[2] 2. The next question arises upon the evidence showing that the possession of Hensley, if he ever actually had any, was originally acquired as the agent of plaintiff. A possession which would ordinarily be regarded as adverse is not adverse to the real owner where the possessor has been admitted as the agent or tenant of the owner. In such a case limitation against the owner will not begin to run until the possessor has repudiated the relationship of agent or tenant, and the real owner shown to have notice thereof, and that the possessor is holding adversely to him.

The questions presented by the fifth and sixth issues were material only in the event one or both of issues 3 and 4 had been answered affirmatively. Both of the latter issues having been answered in the negative, the fifth and sixth issues became wholly irrelevant.

[3] 3. The remaining question is the one of estoppel submitted in the seventh and eighth issues. The burden of showing such estoppel rested upon the defendants. It is supported only by the testimony of the defendant, Tiofilo Carrasco. He was an interested witness, and the jury was at liberty to dis-

regard his testimony. His testimony upon the issue is unsatisfactory, and was denied by the plaintiff. The jury was well warranted in making negative answers to these issues.

The first and second assignments are overruled, for the reason that, in our opinion, the adverse findings upon the defensive issues are all supported by the evidence. The cases cited by appellants have no application.

The third, fourth, and fifth assignments complain of the refusal of special charges Nos. 2, 5, and 6, requested by defendants. These were general instructions upon the issue of estoppel, and directed the jury, if they found certain facts, to return a verdict for defendants.

[4] This case was submitted upon special issues. In such a case a charge calling for a general verdict is inapplicable. For this reason alone their refusal presents no error. Cole v. Crawford, 69 Tex. 124, 5 S. W. 646; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132; Moore v. Coleman, 195 S. W. 212, and other cases there cited. Furthermore, the seventh and eighth issues submitted by the court sufficiently present the issue of estoppel.

The sixth assignment complains of the refusal of special charge No. 7. This charge instructed the jury that certain representations, if made and relied upon, would constitute an estoppel. It then submitted two questions, which were submitted by the court as issues 7 and 8 in the exact language as requested. The case being tried upon special issues, the general instruction contained in the charge was inapplicable. All that was necessary to be submitted were the ultimate issues of fact relied upon as effecting an estoppel, and this the court did in the very language requested by appellants. The matter presents no error.

The seventh, eighth, ninth, and tenth assignments complain of alleged errors in instructions with respect to issues 5 and 6. As above shown, issues 5 and 6 became immaterial in view of the third and fourth findings. The errors, if any, with respect to instructions given in connection with issues 5 and 6 are therefore harmless.

Finding no reversible error, the judgment is affirmed.